**In the Matter of AERODEX, INC., Aircraft Casting, Inc., API Corporation, Bankrupts.**

**Bankruptcy No. 76–899–BK–CA–B.**

United States Bankruptcy Court, S. D. Florida.

Dec. 10, 1979.

---

4. Code of Alabama § 8–8–1 (1975).

**50**

Harold Friedman, Miami, Fla., for Southeast First Nat. Bank.

Gerald W. Moore, Miami, Fla., for Chemical Bank.

James K. Kracht, Asst. County Atty., Miami, Fla., Irving M. Wolff, Miami, Fla., trustee.

ORDER DENYING BANKS' PETITION TO ENJOIN PROSECUTION BY COUNTY OF STATE COURT ACTION

THOMAS C. BRITTON, Bankruptcy Judge.

The case is before me on the "petition" of Southeast First National Bank of Miami and Chemical Bank to enjoin Dade County from prosecuting an action for a declaratory judgment recently filed by the County against the two banks.

In essence, the banks contend that the relief sought by the County in the State court is barred, either by res judicata or estoppel by judgment, by this court's Order for Partial Distribution in Accordance With § 67c(3) entered on July 16, 1979 (C.P. No. 1206), which is presently on appeal to the District Court.

The parties were heard on December 10, 1979.

The "petition" is denied for two reasons: (1) Bankruptcy Rule 701(5) requires that a proceeding filed in this court to "obtain an injunction" be filed as an adversary complaint, which was not done in this instance. (2) If this issue were properly before me as a procedural matter, I would deny the relief sought, because it is not appropriate for this court to prejudge the banks' defense of res judicata in the State court action. The State court can and will hear that issue. If this court has the discretion to preempt that issue by enjoining the County from further litigation in the State court (which I doubt), I elect to abstain.

It should be reiterated here that neither the decision in this order, nor anything said by this court previously should be construed as any indication whatsoever that the County does or does not have a cause of action different from the one asserted and rejected in this court. As I understand the principles of comity, that question is properly before the State court and should be free from interference by this court.