**In re PALMER CONSTRUCTION COMPANY, INC., a South Dakota Corporation, Debtor.**

**S. F. SHOPPING NEWS, INC., Plaintiff,**

v.

**PALMER CONSTRUCTION COMPANY, INC., Defendant.**

Bankruptcy No. 480–00082.

Adv. No. 480–0123.

United States Bankruptcy Court, D. South Dakota.

Nov. 24, 1980.

### MEMORANDUM DECISION

PEDER K. ECKER, Bankruptcy Judge.

Palmer Construction Company, Inc., is a Chapter 11 Debtor under the new code, having been engaged in the building construction business. Plaintiff is a building project owner for whom Debtor completed construction of a building prior to bankruptcy. Plaintiff filed the above entitled adversary seeking relief from the automatic stay.

Plaintiff alleged in the Complaint that Debtor negligently designed and constructed the building from which Plaintiff conducts its business. Plaintiff desires to start a lawsuit in state court to recover damages that have allegedly occurred and will con-

tinue to occur as a result of Debtor's negligence. Plaintiff further alleged that Debtor has liability insurance coverage for Plaintiff's claim in amounts sufficient to fully pay the claim. Plaintiff alleged that the lawsuit will be protracted. Plaintiff further alleged that in the event the insurance company is liable, that Debtor has no equity in any proceeds of the insurance coverages to be used to pay Plaintiff's claim. Plaintiff requested the Court to modify the stay so as to permit Plaintiff to bring the state court lawsuit.

In the Answer Debtor admitted constructing a building for Plaintiff but denied all other allegations. As an affirmative defense, Debtor alleged that the continuation of the stay would not result in risk of material harm to Plaintiff. Further, Debtor alleged that the granting of Plaintiff's relief would materially affect Debtor's estate since the liability insurance carrier has indicated an intention to deny coverage or in the alternative proceed pursuant to a reservation of rights. Debtor requested the Court to keep the automatic stay in effect.

The Court held a hearing on this matter at which time counsel argued the matter. Plaintiff's Counsel, in addition to reiterating the allegations made in the Complaint, argued that it is necessary to start a lawsuit to determine what the amount of damages are, to make the insurance company either accept or reject liability for coverage of Plaintiff's claim, and to determine whether the insurance company is liable if it rejects coverage of Plaintiff's claim. Further, Plaintiff argued that if there is coverage by the insurance company none of Debtor's assets are affected, but if there is no coverage by the insurance company that Plaintiff will file a Proof of Claim.

At the hearing Debtor submitted as evidence a letter indicating the insurance company's intention to proceed pursuant to a reservation of rights. Debtor argued that Plaintiff should file a Proof of Claim and handle the controversy before the Bankruptcy Court.

This Bankruptcy Court holds Plaintiff is entitled to relief from the automatic stay so as to be permitted to bring and prosecute to its final conclusion a lawsuit in state court, to liquidate its contingent claim against this Debtor.

Presently, Plaintiff has only an unliquidated claim for damages that Debtor's negligence allegedly caused. Requiring Plaintiff to file a Proof of Claim will not settle the issues of what the amount of Plaintiff's damages are or whether the insurance company is liable, and if liable, how the insurance proceeds should be applied. Further, Debtor apparently has no equity in the insurance proceeds if the insurance company should be held liable for Plaintiff's claim for damages.

This Bankruptcy Court rejects Debtor's suggestion that the issues be tried in Bankruptcy Court. Although the Bankruptcy Court does have broad jurisdictional powers under the new code, this Court has no intention, nor does it believe Congress so intended, to become a court of general jurisdiction where any matter is heard as long as a debtor is somehow involved. Unless an action involves the administration or property of the debtor's estate, this Court will exercise its right to abstain where no justifiable reason can be demonstrated as to why the Court should hear the matter. Further, in this proceeding the state court is a more convenient and better suited forum to resolving the issues, considering the nature of the lawsuit.

For the reasons set out above, Plaintiff is granted the relief it requested. This Memorandum Decision will constitute Findings of Fact and Conclusions of Law. Plaintiff's Counsel shall submit an order consistent with the foregoing.