### In re UNITED DEPARTMENT STORES, INC., Debtor.

### Wallace R. PLAPINGER and United Department Stores, Inc., Plaintiff,

### v.

### The OUTLET COMPANY, Defendant.

### Arrangement No. 82 B 10151 (EJR). Adv. No. 83–5781A.

United States Bankruptcy Court, S.D. New York.

May 3, 1984.

---

Weil, Gotshal & Manges, New York City, for debtor.

Moses & Singer, New York City, for the Outlet Co.

Alfred Aronovitz, Miami, Fla., for Wallace R. Plapinger.

## DECISION ON MOTION TO DISMISS COMPLAINT

EDWARD J. RYAN, Bankruptcy Judge.

On January 25, 1982, United Department Stores, Inc. (UDS) filed a petition for reorganization under Chapter 11 of the Bankruptcy Code. UDS was continued in possession of its properties and in operation of its business pursuant to section 1108 of the Bankruptcy Code.

In 1980 UDS purchased from Outlet Company (Outlet) certain retail clothing businesses for a base purchase price of $38,500,000. Twenty-eight million dollars was paid in cash and the balance was evidenced by two promissory notes, each in the amount of $5 million. In connection therewith, Wallace R. Plapinger (Plaping-

er), chairman of the Board and a stockholder of UDS, executed a document entitled Guarantee and Agreement to Purchase, a copy of which was attached to one of the five million dollar notes.

Litigation concerning this transaction has been commenced in several forums. On August 17, 1981 Outlet commenced an action against Mr. Plapinger in the United States District Court for the Southern District of Florida seeking specific performance of the Guarantee and Agreement to Purchase and damages for the breach thereof (the Florida action).

An arbitration proceeding is also pending in New York City between Outlet and UDS over adjustments to the base purchase price. The arbitration involves mainly accounting issues.

On July 14, 1983 Mr. Plapinger and UDS commenced an adversary proceeding in this court seeking an injunction preventing Outlet from taking any action in the Florida proceeding until the completion of the arbitration.

By notice of motion dated August 15, 1983, Outlet seeks an order dismissing the above captioned adversary proceeding. For the reasons stated below this motion is granted.

■ Pursuant to 28 U.S.C. 1471 and Emergency Rule I, this court has jurisdiction over all civil proceedings related to a pending bankruptcy case. For an action to be within this "related to" jurisdiction it must have a significant connection to the pending bankruptcy case. *Turner v. Ermiger,* 724 F.2d 338, 339 (2d Cir. 1983).

■ The connection of the Florida action to the UDS reorganization is at best tenuous. The Florida action is between non-debtors and does not involve bankruptcy issues. Outlet seeks no recovery from the estate, and the debtor has no interest in any recovery that may be obtained. Further, it has not been shown that the continuation of the Florida action will unduly interfere with the administration of the UDS estate. See *First State Bank v.*

*Sand Springs State Bank,* 528 F.2d 350 (10th Cir.1976).

Accordingly, this court lacks the jurisdiction to enjoin Outlet from proceeding with the Florida action. The above captioned adversary proceeding must be, and hereby is, dismissed.

Settle an order directing entry of judgment.