In re James Ray ENNIS, Doris Maria Ennis, Debtors.

In re Mary F. MARSHALL, Debtor.

In re David Lee WHITEHEAD, Debtor.

Bankruptcy Nos. LV–84–9555, LV–82–1277 and LV–80–1057.

United States Bankruptcy Court, D. Nevada.

June 3, 1985.

James Ray Ennis, Doris Maria Ennis, Mary F. Marshall and David Lee Whitehead, in pro. per.

R. Vaughn Gourley, Brown, Wells, Beller & Kravitz, Las Vegas, Nev., for Credit Bureau of Southern Nevada.

## MEMORANDUM DECISION

ROBERT CLIVE JONES, Bankruptcy Judge. .

Each of these movants seek an order compelling the Credit Bureau of Southern Nevada (Credit Bureau) to delete all record of the respective movant's bankruptcy case from the Credit Bureau's files. The Court must determine whether it has jurisdiction to issue an order or injunction against a non-creditor third party after each of the respective bankruptcy cases have been dismissed and/or closed.

Movant David Lee Whitehead filed a voluntary Chapter 7 petition on November 5, 1980. Thereafter, the Credit Bureau noted the debtor's bankruptcy case on its consumer credit report. Mr. Whitehead received a discharge on January 13, 1982, and his bankruptcy case was closed on March 12, 1982.

On July 24, 1984, the movant filed a motion to reopen his bankruptcy case in order to have it dismissed. However, the motion to reopen has never been brought on for hearing, and this case has not been reopened.

On August 23, 1984, Mr. Whitehead filed his motion for an order compelling the Credit Bureau to delete all record of his bankruptcy case from the Credit Bureau's records. This motion was heard on December 17, 1984.

Movant Mary F. Marshall filed a voluntary Chapter 7 petition on September 24, 1982. Thereafter, the Credit Bureau noted the debtor's bankruptcy case on its consumer credit report. The Marshall case was dismissed for failure to pay filing fees on November 16, 1983, and was closed on November 30, 1983.

On August 23, 1984, Ms. Marshall filed her motion for an order compelling the Credit Bureau to delete all record of her bankruptcy case from the Credit Bureau's records. This motion was also heard on December 17, 1984. This case not has been reopened, nor has a motion to reopen been filed with this Court.

Movants James R. Ennis and Doris M. Ennis filed their voluntary Chapter 7 petition on April 27, 1984. Thereafter, the Credit Bureau noted the debtors' bankruptcy case on its consumer credit report. The debtors later moved to dismiss the case, and an order of dismissal was entered by the Court on August 10, 1984.

On August 23, 1984, the movants filed their motion for an order compelling the Credit Bureau to delete all record of their bankruptcy case from the Credit Bureau's records. The Ennis case was closed on September 27, 1984 and this motion was heard on December 17, 1984. This case has not been reopened, nor has a motion to reopen been filed with this Court.

Each movant contends that the credit record reference to their respective bankruptcy case is obsolete because the case has been dismissed and/or closed. The reporting of obsolete consumer credit information is prohibited by federal law. 15 U.S.C. § 1681c. The movants contend that an injunction compelling removal of the obsolete information is appropriate.

■ The major question raised by these motions is whether this Court has jurisdiction to issue the requested injunctions. For the reasons stated below, the Court concludes that it does not have jurisdiction over these matters.

■ It is well settled that a bankruptcy court has power to determine whether it has jurisdiction to proceed in any action. *See United States v. United Mine Workers*, 330 U.S. 258, 289–92, 67 S.Ct. 677, 693–695, 91 L.Ed. 884 (1947); *Matter of Visioneering Const.*, 661 F.2d 119, 122 (9th

Cir.1981); *In re Youngstown Steel Tank Co.*, 27 B.R. 596, 598 (W.D.Pa.1983); *Matter of Yale Express Systems, Inc.*, 11 B.R. 495, 500 (Bankr.S.D.N.Y.1981).

■ The bankruptcy court possesses only the jurisdiction and powers expressly or by necessity granted by Congress. *Johnson v. First Nat. Bank of Montevideo, Minn.*, 719 F.2d 270, 273 (8th Cir.1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 1015, 79 L.Ed.2d 245 (1984); *In re Trigg*, 630 F.2d 1370, 1372 (10th Cir.1980).

Congress has granted the United States district courts original and exclusive jurisdiction of all bankruptcy cases. 28 U.S.C. § 1334(a). The district court in which the bankruptcy case is filed has exclusive jurisdiction over all of the property of the debtor and over all property of the estate, wherever located, as of the commencement of the case. 28 U.S.C. § 1334(d).

The district court has original but not exclusive jurisdiction of all civil proceedings in the bankruptcy case. 28 U.S.C. § 1334(b). The district court may refer any or all bankruptcy cases or proceedings to the bankruptcy judge. 28 U.S.C. § 157(a).

■ This Court recognizes that the bankruptcy courts' jurisdiction under the Bankruptcy Code may be broader than under the old Bankruptcy Act. It is clear, however, that the bankruptcy court is not a court of general jurisdiction where any matter somehow involving a debtor, or a former debtor, may be heard. A bankruptcy court should not assume jurisdiction over a matter that does not involve the administration of, or property of a bankruptcy estate. *In re Continental Airlines Corp.*, 40 B.R. 299, 303 (Bankr.S.D.Tex. 1984); *In re Palmer Const. Co.*, 7 B.R. 232, 233 (Bankr.D.S.D.1980).

■ In order for a bankruptcy judge to exercise jurisdiction over a proceeding involving a non-creditor third party, there must be a substantial relationship between the matter in controversy and the bankruptcy case. *Turner v. Ermiger*, 724 F.2d 338, 339 (2nd Cir.1983); *In re Sewanee Land, Coal and Cattle Co.*, 34 B.R. 696, 700 (N.D.Ala.1983); *In re Otero Mills, Inc.*, 25 B.R. 1018, 1021 (D.N.M.1982). The bankruptcy court does not have jurisdiction over a proceeding that does not relate to or affect the administration of the bankruptcy estate. *In re Sewanee Land, Coal and Cattle, Inc.*, 34 B.R. at 700; *In re Osage Exploration Co.*, 39 B.R. 966, 968 (Bankr. S.D.N.Y.1984); *In re Curtina International*, 15 B.R. 993, 995 (Bankr.S.D.N.Y. 1981).

■ If injunctive relief is sought against a non-creditor third party, the bankruptcy court should assume jurisdiction only if the failure to do so would threaten the bankruptcy estate's assets. *See S.E.C. v. First Financial Group of Texas*, 645 F.2d 429, 440 (5th Cir.1981); *Matter of Shippers Interstate Service, Inc.*, 618 F.2d 9, 13 (7th Cir.1980); *In re Bel Air Chateau Hospital, Inc.*, 611 F.2d 1248, 1251 (9th Cir.1979); *In re Brada Miller Freight Systems, Inc.*, 16 B.R. 1002, 1013 (N.D.Ala.1981); *In re United Dept. Stores, Inc.*, 39 B.R. 54, 55 (Bankr.S.D.N.Y.1984).

Thus, this Court's jurisdiction to issue an injunction against the Credit Bureau is predicated upon the relationship between the administration of the movant's bankruptcy case, or property of the bankruptcy estate, and the conduct to be enjoined. This Court may assume jurisdiction to issue an injunction against the Credit Bureau only if the failure to do so will threaten the assets of a bankruptcy estate. In these instances, the movants' Chapter 7 bankruptcy cases have been dismissed and/or closed.

The dismissal of a voluntary Chapter 7 case revests the property of the bankruptcy estate in the entity in which the property was vested prior to the commencement of the case. 11 U.S.C. § 349(b)(3). The purpose of § 349(b) is to "undo the bankruptcy case, as far as practicable, and to restore all property rights to the position in which they were found at the commencement of the case". B.R.Rep. No. 95–595, 95th Cong., 1st Sess. 337–38 (1977); S.Rep.

No. 95–989, 95th Cong., 2d Sess. 48–49 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5834–35, 6293–94; *In re Weathersfield Farms, Inc.*, 34 B.R. 435, 439 (Bankr.D.Vt.1983).

In the Marshall and Ennis instances, the movants' bankruptcy cases have been dismissed and closed. The property of the respective estates has revested in the entities in which the property was vested when the cases were commenced.

In the Whitehead case, the bankruptcy case has been closed and has not been reopened. The Court notes that the movant has filed a motion to reopen in order to have the case dismissed. That motion, however, has never been brought on for hearing before this Court, and the case remains closed.

The former debtors' bankruptcy estates no longer exist. This Court has no jurisdiction to grant the requested injunction because this matter in no way relates to or affects any pending bankruptcy case, nor will the failure to do so threaten the property of any bankruptcy estate.

The Court also notes that the proper procedure for requesting injunctive relief is by an adversary proceeding, not by motion. Bankruptcy Rule 7001(8); *Matter of Aerodex, Inc.*, 2 B.R. 49, 50 (Bankr.S.D.Fla. 1979).

For the reasons above stated, these motions to compel the Credit Bureau of Southern Nevada to delete all record of the respective movant's bankruptcy case from the Credit Bureau's files are denied.