In re EDUCATORS INVESTMENT COR-
PORATION, a Nevada corporation;
and affiliate National Energy Watch;
and affiliate Five Star Corporation,
Debtors.

Victor C. GENNARI, Plaintiff,

v.

UNITED STATES DEPARTMENT OF
TREASURY, Internal Revenue
Service, Defendants.

Bankruptcy No. BK–LV–81–1390.
Adv. No. 850031.

United States Bankruptcy Court,
D. Nevada.

April 24, 1986.

Bruce M. Judd, Las Vegas, Nev., for plaintiff.

Michael P. Haney, U.S. Dept. of Justice, Washington, D.C., Trial Atty., Tax Div., for defendants.

## MEMORANDUM DECISION

ROBERT CLIVE JONES, Chief Judge.

This adversary proceeding was commenced by Plaintiff Victor C. Gennari to

enjoin the United States Department of Treasury and Internal Revenue Service ("United States") from collecting a penalty assessed pursuant to 26 U.S.C. § 6672 ("Internal Revenue Code" or "IRC"). The plaintiff also seeks return of amounts collected by setoff to satisfy the assessed penalty. The plaintiff relies on 11 U.S.C. § 505(a)(1) ("Bankruptcy Code" or "Code"), and 28 U.S.C. § 1471 (now embodied in 28 U.S.C. § 1334) for jurisdiction in this proceeding.

The plaintiff has moved for summary judgment arguing that there are no material facts at issue and that he is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. The United States has moved to dismiss, contending that this Court is without jurisdiction to grant the requested relief. For the reasons stated below, the Court concludes that it has no jurisdiction to grant the relief requested.

For purposes of this motion, the relevant facts alleged in the complaint will be taken as true. Educators Investment Corporation, National Energy Watch, and Five Star Corporation ("Debtor"), filed for relief under Chapter 11 of the Bankruptcy Code on November 6, 1981. On February 25, 1982, the case was converted to Chapter 7. On March 16, 1983 the Internal Revenue Service ("IRS") filed a proof of claim against the Debtor for $29,398.19 for payroll withholding taxes. The Debtor and the IRS settled the claim of the IRS for $28,937.10, and the settlement was approved by this Court on December 5, 1984. On April 16, 1984 the IRS assessed a penalty of $7,957.50 against the plaintiff pursuant to 26 U.S.C. § 6672. On or about August 8, 1984 the IRS setoff an overpayment by the plaintiff of $4,496.73 against the assessed penalty, pursuant to 26 U.S.C. § 6402(a).

Sections 3102(a) and 3402(a) of the Internal Revenue Code require an employer to deduct and withhold income and social security taxes from the wages paid to its employees. Section 7501 of the IRC provides that the withheld taxes shall be held by the employer as a special trust fund for the benefit of the United States. These "trust fund taxes" are amounts actually withheld from employees' paychecks. They are for the exclusive use of the United States and are not to be used to pay the employer's business expenses, including salaries, or for any other purpose. 26 U.S.C. §§ 3102(b), 3402 and 7501(a); *see also Sorenson v. United States*, 521 F.2d 325, 328 (9th Cir.1975).

■ Once the federal income and social security taxes are withheld from the employees' wages, the United States is required to credit the amount withheld against the employees' individual tax liabilities, regardless of whether such taxes are actually paid to the United States and even though the credits may result in refunds to the employees. *Slodov v. United States*, 436 U.S. 238, 243, 98 S.Ct. 1778, 1783, 56 L.Ed.2d 251 (1978); *United States v. Huckabee (In re Huckabee Auto Co.)*, 783 F.2d 1546, 1548 (11th Cir.1986); *Hartman v. United States*, 538 F.2d 1336, 1340 (8th Cir.1976); *Newsome v. United States*, 431 F.2d 742, 744 (5th Cir.1970). Thus, the United States suffers a loss of revenue when the "trust fund taxes" are not remitted by the employer.

Section 6672 was enacted to protect the United States against losses by providing it with another source from which to collect the withheld taxes. Section 6672 provides that persons required to collect, account for, and pay over any tax, who willfully fails to collect or truthfully account for and pay over such tax, shall be personally liable for the full amount of the taxes not collected or not paid to the United States. This liability is often referred to as a "100-percent penalty" because it is for the full amount of the taxes not remitted to the United States. The reason for imposing liability under section 6672 is to discourage the misuse of withheld taxes and encourage withholding of the "trust fund taxes" by the responsible persons. In *Mueller v. Nixon*, 470 F.2d 1348, 1351 (6th Cir.1972), *cert. denied*, 412 U.S. 949, 93 S.Ct. 3011, 37 L.Ed.2d 1001 (1973), the court of appeals stated that "Absent stringent measures to protect these funds, they might easily be

available to finance a business which was in a hazardous or failing condition. In our judgment Congress intended to prevent this."

██ The liability imposed on persons "required to collect, truthfully account for, and pay over" withholding and FICA taxes by § 6672 is distinct and personal to the one assessed, and is not a vicarious liability derived from the corporate debtor's liability imposed under IRC §§ 3102 and 3402. *United States v. Pomponio*, 635 F.2d 293, 298 (4th Cir.1980); *Gens v. United States*, 615 F.2d 1335, 1339–40 (Ct.Cl.1980); *Kelly v. Lethert*, 362 F.2d 629, 635 (8th Cir. 1967). The United States need not even attempt collection from a corporation before asserting the personal liability of the responsible persons. *Gens v. United States*, 615 F.2d at 1339–40; *Teel v. United States*, 529 F.2d 903, 906 (9th Cir.1976); *Datlof v. United States*, 370 F.2d 655, 656 (3rd Cir.1966), *cert. denied*, 387 U.S. 906, 87 S.Ct. 1688, 18 L.Ed.2d 624 (1967). As the court of appeals noted in *Kelly v. Lethert*, 362 F.2d at 635:

> The result of Section 6672 is thus to make the responsible officers of the corporation, as well as the corporation itself, equally liable as co-debtors so the Government may proceed against either in the order best suited in its judgment to collect the unpaid tax.

In *Spivak v. United States*, 370 F.2d 612 (2nd Cir.1967), the IRS filed a proof of claim for unpaid withholding and FICA taxes against the debtor/corporation. The IRS and the debtor reached a compromise in which the IRS reserved its rights against the corporate officers. The compromise was approved by the bankruptcy court, and the IRS thereafter assessed the corporate offices for delinquent withholding and FICA taxes. The court of appeals affirmed the finding of liability of the corporate officer as a responsible person under § 6672. The court stated that the action against Spivak for § 6672 penalties was not derivative from the claim against the debtor, and the fact that the bankrupt corporation's liability was compromised does not relieve responsible persons from liability under § 6672. *Spivak v. United States*, 370 F.2d at 615–16; *see also Gens v. United States*, 615 F.2d at 1339–40.

Thus, corporate liability for federal withholding and FICA taxes is separate and distinct from the liability of individuals pursuant to § 6672. Consequently, until the total underlying tax liability is collected, the United States may assess and collect from any person responsible for collecting and paying the taxes due. This adversary proceeding, then, presents a narrow legal question: Does the bankruptcy court have jurisdiction to enjoin the United States from assessing and collecting taxes from a non-debtor if the non-debtor's tax liability is independent of and distinct from the tax liability of the debtor?

It is well settled that a bankruptcy court has power to determine whether it has jurisdiction to proceed in any matter. *See United States v. United Mine Workers*, 330 U.S. 258, 289–92, 67 S.Ct. 677, 693–95, 91 L.Ed. 884 (1947); *Matter of Visioneering Const.*, 661 F.2d 119, 122 (9th Cir.1981); *In re Youngstown Steel Tank Co.*, 27 B.R. 596, 598 (W.D.Pa.1983); *In re Ennis*, 50 B.R. 119, 120 (Bankr.D.Nev.1985); *Matter of Yale Express System, Inc.*, 11 B.R. 495, 500 (Bankr.S.D.N.Y.1981). It is also well settled that the bankruptcy court possesses only the jurisdiction and powers expressly or by necessity granted by Congress. *See Johnson v. First Nat. Bank of Montevideo, Minn.*, 719 F.2d 270, 273 (8th Cir.1983), *cert. denied*, 465 U.S. 1012, 104 S.Ct. 1015, 79 L.Ed.2d 245 (1984); *In re Trigg*, 630 F.2d 1370, 1372 (10th Cir.1980); *In re Ennis*, 50 B.R. at 121.

In 1982, the United States Supreme Court struck down the broad jurisdiction of the bankruptcy court granted in the Bankruptcy Reform Act of 1978 ("Bankruptcy Reform Act"). *See Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) [plurality opinion]. Subsequently, the district courts adopted the "Interim Emergency Rule" to allow the "bankruptcy courts" to continue to function. Two years

after *Marathon*, the Bankruptcy Amendments and Federal Judgeship Act of 1984 ("BAFJA") was enacted. The jurisdictional grant under the BAFJA is very different from that of the Bankruptcy Reform Act.

The Bankruptcy Reform Act created a separate bankruptcy court with pervasive jurisdiction over bankruptcy cases and related proceedings. The BAFJA, however, granted the United States district courts original and exclusive jurisdiction over all bankruptcy cases. 28 U.S.C. § 1334(a). The district court in which the bankruptcy case is filed has exclusive jurisdiction over all of the property of the debtor and over all property of the estate, wherever located, as of the commencement of the case. 28 U.S.C. § 1334(d). The district court has original but not exclusive jurisdiction over all civil proceedings in the bankruptcy case. 28 U.S.C. § 1334(b). The district court may refer any or all bankruptcy cases or proceedings to the bankruptcy judge, who sits as a unit of the district court. 28 U.S.C. § 157(a); 28 U.S.C. § 151(a).

Under the BAFJA, the bankruptcy judge may hear and determine all cases arising under the Bankruptcy Code. 28 U.S.C. § 157(b). The bankruptcy judge may also hear and determine all "core proceedings" arising under the Bankruptcy Code, and other proceedings arising in the bankruptcy case. 28 U.S.C. § 157(b). The bankruptcy judge may hear, but not make final judgments in proceedings "related" to the bankruptcy case. In "related proceedings", the bankruptcy judge may only submit proposed findings of fact and conclusions of law to the district court. 28 U.S.C. § 157(c). The bankruptcy judge's proposed findings of fact and conclusions of law are subject to *de novo* review by the district court. The district court will then enter any final order or judgment. 28 U.S.C. § 157(c).

A "related proceeding" is a proceeding that, in the absence of a bankruptcy petition, could have been brought in a federal district court or a state court. *Piombo Corp. v. Castlerock Properties (In re Castlerock Properties)*, 781 F.2d 159, 162 (9th Cir.1986); *see also Neill v. Borroson (In re John Peterson Motors, Inc.)* 56 B.R. 588, 591 (Bankr.D.Minn.1986). The bankruptcy judge has jurisdiction to hear and submit proposed findings of fact and conclusions of law in related proceedings if the outcome of the proceeding could conceivably have some effect on the administration of a bankruptcy estate. *Bobroff v. Continental Bank (In re Bobroff)*, 766 F.2d 797, 802 (3rd Cir.1985); *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3rd Cir.1984); *see also Zweygardt v. Colorado Nat'l Bank of Denver*, 52 B.R. 229, 233–34 (Bankr.D.Colo. 1985). On the other hand, a proceeding is "unrelated" to the bankruptcy case if it does not involve bankruptcy law issues, does not involve property of the bankruptcy estate or of the debtor, and the outcome of the proceeding could not have any effect on the bankruptcy case. *First Nat'l Bank of Geneva v. Biallas (In re Denalco)*, 57 B.R. 392, 395 (N.D.Ill.1986); *Allis-Chalmers Corp. v. Borg-Warner Acceptance Corp. (In re Dr. C. Huff Co.)*, 44 B.R. 129, 134–35 (Bankr.W.D.Ky.1984). The bankruptcy judge may not hear any proceeding that is "unrelated" to the bankruptcy case.

The bankruptcy judge has jurisdiction to determine the tax liability of debtors properly before the court. 28 U.S.C. § 1334(a) & (b); 28 U.S.C. § 157(a) & (b)(2)(A); 11 U.S.C. § 505(a). A proceeding to make such a determination is a "core proceeding" under 28 U.S.C. § 157(b)(2)(B). The bankruptcy judge does not, however, have jurisdiction to hear an unrelated proceeding to determine the tax liability of a nondebtor or to enjoin the assessment of or collection of a tax against a nondebtor where the determination or assessment does not involve any issue of bankruptcy law, does not involve property of the estate or of the debtor, and could not have any effect on the bankruptcy estate. *See United States v. Huckabee Auto Co. (In re Huckabee Auto Co.)*, 783 F.2d at 1549, *affirming United States v. Huckabee Auto Co. (In re Huckabee Auto Co)*, 46 B.R. 741, 747 (M.D.Ga.1985); *United States v. Spector (In re Booth Tow Servic-*

*es),* 53 B.R. 1014, 1018 (W.D.Mo.1985); *see also A to Z Welding & Mfg. Co. v. United States (In re A to Z Welding & Mfg. Co.),* 58 B.R. 138, 139 (E.D.Ark.1985); *Steel Products, Inc. v. United States (In re Steel Products, Inc.),* 53 B.R. 999, 1002 (W.D.Wash.1985); *In re Arrow Transfer & Storage Co.,* 50 B.R. 726, 727 (E.D.Tenn. 1985).

■ In this proceeding, the plaintiff, a nondebtor, seeks an injunction against the United States preventing the assessment and collection of a 100 percent tax penalty" under 26 U.S.C. § 6672. This proceeding does not arise under the Bankruptcy Code or in the bankruptcy case and, thus, is not a "core proceeding". This proceeding does not involve bankruptcy law, nor does it involve estate property or effect estate administration. The plaintiff's tax liability under IRC § 6672 is distinct and separate from the tax liability of the Debtor and the assessment and collection of the tax from the plaintiff can have no effect on the administration of the Debtor's estate. This proceeding is, therefore, unrelated to this bankruptcy case.

The Court concludes that it has no jurisdiction to hear this adversary proceeding and, thus, cannot grant the relief requested. The United States' Motion to Dismiss is, therefore, granted, and the plaintiff's Motion for Summary Judgment is denied.