**In re JOHN RENTON YOUNG, LTD., dba Young and Company, Debtor.**

**Bankruptcy No. BK–S–86–1873–LBR.**

United States Bankruptcy Court,
D. Nevada.

May 31, 1988.

Nancy L. Allf, John Peter Lee, Ltd., Las Vegas, Nev., for debtor.

Rollin Thorley, Sp. Asst. U.S. Atty., I.R.S. Dist. Counsel, Las Vegas, Nev., for I.R.S.

## MEMORANDUM DECISION

LINDA B. RIEGLE, Bankruptcy Judge.

### FACTS

John Renton Young ("Young") is the president and sole shareholder of the debtor, John Renton Young, Ltd., dba Young and Company ("debtor"). Among the debtor's scheduled obligations is a debt owed to the Internal Revenue Service ("IRS") in the amount of $164,457.96 for "payroll taxes" and a debt for "FUTA taxes" in the amount of $3,186.82. Although the chapter 11 case was filed on August 19, 1986, no hearing on plan confirmation has been set and the debtor remains in possession.

By letter dated January 28, 1988, the IRS notified Young that it intended to assess a 100 percent penalty against him pursuant to section 6672 of the Internal Revenue Code for withholding taxes owed by the debtor. Section 6672(a) provides:

Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under section 6653 for any offense to which this section is applicable.

26 U.S.C. § 6672(a).[1] Alleging by way of affidavit that the estate would suffer irreparable harm if the IRS took such action,[2] the debtor requested that this court exercise its section 105 powers in order to enjoin the assessment of the 100 percent penalty against Young.[3]

In response, the IRS argued that the debtor lacked standing to bring a motion to enjoin, that the court lacked subject matter jurisdiction to entertain such a motion, and that the motion was barred by both the doctrine of sovereign immunity and by the Federal Anti–Injunction Act.[4]

### SUBJECT MATTER JURISDICTION

A threshold issue to be decided is whether the Bankruptcy Court has subject matter jurisdiction to hear the debtor's motion. Because this motion is one brought by the debtor to enjoin activities which will allegedly interfere with its ability to reorganize, this court has subject matter jurisdiction to hear the present dispute.[5]

---

**1.** The liability imposed on responsible persons by section 6672 is distinct and personal to the one assessed. It is not a vicarious liability derived from the corporate debtors' liability and the government need not attempt collection from the corporation before asserting personal liability against responsible persons. *See In re Educators Inv. Corp.,* 59 B.R. 910, 912 (Bankr.D. Nev.1986).

**2.** For purposes of this opinion the court will assume *arguendo* the truth of the allegations set forth in Mr. Young's affidavit. Moreover, because of the disposition of this motion, it is unnecessary to ascertain whether such allegations, if proven, would rise to the level of proof required for injunctive relief.

**3.** Specifically, the debtor brought a Motion to Impose Injunction against the IRS which sought to enjoin the assessment and collection of a 100 percent penalty and to enjoin the issuance of a federal tax lien against John Renton Young. This court recognizes that the present action should have been commenced by way of adversary proceeding as required by Bankruptcy Rules 7001 and 7065, *see In re Ennis,* 50 B.R. 119, 122 (Bankr.Nev.1985), however, the IRS waived its objection on this basis so that the present dispute could be decided on the merits.

**4.** Title 26 U.S.C. § 7421(a). In light of the disposition of the present case, this court need not reach the issues of standing and sovereign immunity.

**5.** *See In re Otero Mills, Inc.,* 21 B.R. 777 (Bankr. D.N.M.) *aff'd,* 25 B.R. 1018 (D.N.M.1982). *See also, In re Ennis,* 50 B.R. 119, 121 (Bankr.D.Nev. 1985). *But see, United States v. Huckabee Auto Co.,* 783 F.2d 1546 (11th Cir.1986). The con-

The conclusion in the case at bar is not at odds with this court's prior decision in *In re Educators Inv. Corp.*, 59 B.R. 910 (Bankr.D.Nev.1986). In *Educators*, a nondebtor obligor sought to enjoin the collection of a 100 percent penalty which had been assessed against him pursuant to section 6672. In that case, this court held that although a bankruptcy court has jurisdiction to determine the tax liability of debtors properly before the court, *see*, 28 U.S.C. § 1334(a), (b); 28 U.S.C. § 157(a), (b)(2)(A); and 11 U.S.C. § 505(a), the bankruptcy court does not have jurisdiction to hear an unrelated proceeding to determine the tax liability of a nondebtor, or to enjoin the assessment of or collection of a tax against a nondebtor *"where the determination or assessment does not* involve any issue of bankruptcy law, does not involve property of the estate or of the debtor, and could not *have any effect on the bankruptcy estate." In re Educators Inv. Corp.*, 59 B.R. at 913 (emphasis added).

The case in *Educators* had been converted from a chapter 11 to a chapter 7. Accordingly, in *Educators*, there was not, nor could there have been, any legitimate allegation that the 100 percent penalty assessed against the nondebtor obligor would have had any effect on the debtor's ability to reorganize. Conversely, in the instant case there exists a much clearer connection between the financial wherewithal of Mr. Young as the president and sole shareholder of the chapter 11 debtor, and such debtor's prospective ability to reorganize. As a result, the mandate of *Educators* is satisfied in this case.

### THE ANTI–INJUNCTION ACT

■ The next issue is whether this court has the power to enjoin the IRS from assessing a section 6672 tax against Young in light of the anti-injunction provision set forth in 26 U.S.C. § 7421(a). That section provides:

Except as provided in sections 6212(a) and (c), 6213(a), and 7426(a) and (b)(1), and 7429(b), no suit for the purpose of restraining the assessment or collection

of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

Finding no solace in the enumerated statutory exceptions to section 7421, the debtor argued that despite the existence of the anti-injunction statute, this court may exercise its general equitable powers under 11 U.S.C. § 105 to restrain the imposition of a section 6672 tax by the IRS. While the issue raised is one which has been described as "raging", *In re Herbie K's, Inc.*, 57 B.R. 468, 469 (Bankr.W.D.La.1985), a careful analysis of the case law reveals that there is little or no precedent remaining to support the debtor's position. Rather, the cases which have held that the Anti–Injunction Act did not bar relief by the bankruptcy court have either been reversed or have relied upon cases which have been reversed.

Prior to 1986, two circuits had directly considered the interrelationship between the Bankruptcy Act and the anti-injunction statute. *See Matter of Becker's Motor Transp., Inc.*, 632 F.2d 242 (3d Cir.1980), *cert. denied*, 450 U.S. 916, 101 S.Ct. 1358, 67 L.Ed.2d 341 (1981); *Bostwick v. United States*, 521 F.2d 741 (8th Cir.1975). Significantly, neither case was on point. Both cases involved the imposition of liability against the *debtor* rather than against a nondebtor obligor.

In *Bostwick*, the court considered whether the bankruptcy court had jurisdiction to determine the dischargeability of a bankrupt's tax debt when the United States had not filed a proof of claim or otherwise participated in or consented to the proceedings. Examining section 2A of the Bankruptcy Act, (which gave the court the power to determine the amount and legality of any unpaid tax), and the provisions of section 17(c)(4), (which gave the court the power to enjoin any action pending a determination of dischargeability), the Eighth Circuit concluded that it had jurisdiction since Congress intended "to enact a complete scheme governing bankruptcy which over-

trary holding in *Huckabee* was criticized in *La-*

*Salle Rolling Mills*, 832 F.2d 390 (7th Cir.1987).

rides the general policy represented by the Anti–Injunction Act." *Bostwick*, 521 F.2d at 744.

In *Becker*, the court considered, *inter alia*, whether the Anti–Injunction Act would preclude the issuance of an injunction against a claim for pre-petition penalties and post-petition interest on a nondischargeable tax debt that had been satisfied pursuant to a plan of arrangement. The *Becker* court examined the holding in *Bostwick* and found that it represented a judicially created exception to section 7421(a), which was contrary to Congressional intent. Noting that Congress had had several opportunities to legislate such an exception but had declined to do so, the court stated:

> However persuasive the arguments against application of § 7421(a) to bankruptcy court adjudications may be, we believe that a bankruptcy court exemption cannot be judicially fashioned without contravening congressional intent. Although there may be some merit in permitting the policy behind the Bankruptcy Act to outweigh the rationale that underpins the anti-injunction legislation, such argument should be addressed to Congress. Accordingly, we conclude that the district court erred in sustaining the injunction that has been issued in this case.

*Matter of Becker's Motor Transp., Inc.*, 632 F.2d at 246.

In accordance with the Third Circuit's reasoning in *Becker*, the majority of courts which have considered the applicability of the Anti–Injunction statute to nondebtors have held that the statute operates as an absolute bar. *See, e.g., In re Success Tool and Mfg. Co.*, 62 B.R. 221 (N.D.Ill.1986); *Matter of East Wind Industries*, 61 B.R. 408 (D.N.J.1986); *Bowen Industries, Inc. v. United States I.R.S.*, 61 B.R. 61 (W.D. Tex.1986); *Matter of Driscoll's Towing Service, Inc.*, 51 B.R. 990 (S.D.Fla.1985); *In re Steel Products, Inc.*, 53 B.R. 999 (W.D.Wash.1985); *In re Franklin Press, Inc.*, 46 B.R. 523 (Bankr.S.D.Fla.1985).

Courts which have refused to find that the anti-injunction statute prohibits an in-

junction from issuing against the IRS have relied upon the rationale of *Bostwick*, or upon the decision in *In re Steel Products, Inc.*, 47 B.R. 44 (Bankr.W.D.Wash.1984), (which was subsequently reversed by *In re Steel Products, Inc.*, 53 B.R. 999 (W.D. Wash.1985)). *See Matter of La Difference Restaurant, Inc.*, 63 B.R. 819 (S.D.N.Y. 1986); *In re William Netherly, Inc.*, 53 B.R. 856 (Bankr.M.D.Fla.1985); *In re Booth Tow Services, Inc.*, 53 B.R. 1014 (W.D.Mo.1985); *In re J.K. Printing Services, Inc.*, 49 B.R. 798 (Bankr.W.D.Va. 1985); *In re The Original Wild West Foods, Inc.*, 45 B.R. 202 (Bankr.W.D.Tex. 1984); *In re Jon Co., Inc.*, 30 B.R. 831 (D.Colo.1983); *In re H & R Ice Co., Inc.*, 24 B.R. 28 (Bankr.W.D.Mo.1982).

The "bankruptcy policy exception" of *Bostwick* was derailed by the Eighth Circuit itself in *A to Z Welding & Mfg. Co., Inc. v. United States*, 803 F.2d 932 (8th Cir.1986) (*per curiam*). In *A to Z*, the court stated:

> A to Z argues that the 'anti-injunction' statute is not relevant to the present case inasmuch as Congress, in enacting the bankruptcy code, has evidenced an intention to enact a complete scheme overriding the anti-injunction act. In support of its argument, A to Z relies on *Bostwick v. United States*, 521 F.2d 741 (8th Cir.1975). *Bostwick* is inapposite to the case at hand. The injunction upheld in *Bostwick* was against collection of taxes assessed against the *debtors* in bankruptcy. 521 F.2d at 746. Thus, if a tax were assessed against the debtor, *Bostwick* may permit the bankruptcy court to override the anti-injunction act. Yet, this case involves an attempt to prohibit the IRS from collecting a tax assessed against officers and shareholders in their personal capacity. The anti-injunction act prohibits such a suit. *Kelly v. Lethert*, 362 F.2d 629 (8th Cir.1966).

*A to Z Welding*, 803 F.2d at 933 (emphasis in original); *Accord Matter of LaSalle Rolling Mills, Inc.*, 832 F.2d 390 (7th Cir. 1987). Hence, there is little or no remaining authority for the proposition urged by the debtor.

In *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962), the Supreme Court created an additional "exception" to the Anti–Injunction Act which, although not helpful to the parties in the present case, merits further discussion. In *Enochs*, a corporation sought to enjoin the collection of FICA and FUTA taxes which the corporation asserted were not owed and which, if collected, would destroy its business. Finding that the government's claim for taxes "was not without foundation," *Id.* at 8, 82 S.Ct. at 1129 the Supreme Court held that the Anti–Injunction Act prohibited it from issuing an injunction. Notwithstanding its holding, the Court enunciated an exception to the Anti–Injunction Act: If, at the time a suit for injunctive relief is brought, a taxpayer can establish the presence of two factors, first, irreparable injury for which there is no adequate remedy at law, and, second, certainty of success on the merits, an action for injunctive relief may be maintained. *See Enochs*, 370 U.S. at 7–8, 82 S.Ct. at 1129. *Accord Bob Jones University v. Simon*, 416 U.S. 725, 738, 94 S.Ct. 2038, 2046, 40 L.Ed.2d 496 (1974). *See also Maxfield v. United States Postal Service*, 752 F.2d 433 (9th Cir.1984); *Stonecipher v. Bray*, 653 F.2d 398 (9th Cir.1981), *cert. denied*, 454 U.S. 1145, 102 S.Ct. 1006, 71 L.Ed.2d 297 (1982); *Enterprises Unlimited, Inc. v. Davis*, 340 F.2d 472 (9th Cir. 1965).

In order to demonstrate "certainty of success" as required by the second prong of the *Enochs* test, a taxpayer must establish that "under the most liberal view of the law and the facts the United States cannot establish its claim." *Enochs*, 370 U.S. at 7, 82 S.Ct. at 1129. In the present case, Young, who is admittedly the president and sole shareholder of the debtor, has failed to proffer evidence sufficient to establish that the IRS cannot possibly succeed on its claim. Likewise, the debtor has

in no way challenged the validity of the tax in its schedules or otherwise. As a result, the facts of the instant case fail to satisfy the second prong of the *Enochs* test. Moreover, because this Court has determined that Young and the debtor each have an adequate remedy at law, (a discussion of which is set forth below), the first prong of the *Enochs* test cannot be satisfied.

Regarding the first prong of the *Enochs* test, it is important to note that the Supreme Court and the Ninth Circuit equate the concept of "adequate remedy at law" with the term "irreparable injury" for purposes of applying the *Enochs* exception to the anti-injunction statute. *See, e.g., Enochs*, 370 U.S. at 7, 82 S.Ct. at 1129; *Stonecipher*, 653 F.2d 398. As a result, a determination by this court that a taxpayer has an adequate remedy at law is sufficient to defeat a claim of irreparable injury for purposes of section 7421(a), thus preventing the taxpayer from falling within the exception set forth in *Enochs*.

It is well settled that a statutory right to bring suit for a refund is an adequate remedy at law. *See Stonecipher*, 653 F.2d at 401. *See also South Carolina v. Regan*, 465 U.S. 367, 374, 104 S.Ct. 1107, 1112, 79 L.Ed.2d 372 (1984); *Bob Jones University v. Simon*, 416 U.S. 725, 748–49, 94 S.Ct. 2038, 2051–52, 40 L.Ed.2d 496 (1974). Section 6672(b)(1) of the Internal Revenue Code provides Young with the right to sue for a refund.[6] Similarly, if the debtor should wish to challenge the validity of the withholding tax, it also has a right, under 26 U.S.C. §§ 6401 and 7422, to pay the tax and sue for a refund. In addition, the debtor may be able to seek a determination of liability under section 505 of the Bankruptcy Code. 11 U.S.C. § 505(a). *Accord LaSalle*, 832 F.2d at 393.

The purported "exception" announced in *South Carolina v. Regan*, 465 U.S. 367,

---

**6.** Two courts have held that if a principal does not dispute the validity or amount of the assessed liability, then he/she has no adequate remedy at law, and the anti-injunction statute as interpreted by *Regan* did not absolutely bar relief. *See Matter of Campbell Enterprises, Inc.*, 66 B.R. 200 (Bankr.D.N.J.1986) and *In re Dore &*

*Associates Contracting, Inc.*, 45 B.R. 758 (Bankr. E.D.Mich.1985). This court questions the soundness of the reasoning set forth in these cases since such reasoning appears to be circular and results in an elevation of form over substance.

104 S.Ct. 1107, 79 L.Ed.2d 372 (1984) will not afford any additional assistance to the debtors herein. In *Regan*, the Supreme Court permitted the State of South Carolina to file an original complaint in that Court for injunctive relief challenging the constitutionality of a tax on the income of state obligations [7] as violative of the Tenth Amendment. The Court held that such a suit could be maintained, notwithstanding *Enochs* and despite the dictate of section 7421(a), since the Anti–Injunction Act "was not intended to bar an action where ... Congress has not provided the plaintiff with an alternative legal way to challenge the validity of a tax." *Regan*, 465 U.S. at 373, 104 S.Ct. at 1111. Even if the broad language of *Regan* is applicable to cases which do not involve the unique factual circumstances and policy considerations at issue in *Regan, see Regan*, 465 U.S. at 402, 104 S.Ct. at 1126 (O'Connor, S., concurring), the "exception" will not prove helpful to the parties herein since Young and the debtor have each been provided, by statute, with an alternative legal way to challenge the validity of the tax sought to be imposed.[8] Moreover, the debtor will not be heard to argue that an injunction should issue because it is without a legal remedy for harm to its reorganization efforts, (which the debtor asserts will result from the tax assessment against its principal officer), since the "alternative remedy to which the court referred [in *Regan* ] ... was an alternative legal avenue by which to *contest the legality of a particular tax*," *LaSalle*, 832 F.2d at 393. (emphasis added).

A few courts have seized upon the *Williams* and *Regan* cases as authority for the proposition that courts may create additional exceptions to the Anti–Injunction Act in situations like that involved in the case at bar. *See, e.g., In re The Original Wild West Foods, Inc.*, 45 B.R. 202 (Bankr.W.D. Tex.1984). However, such reasoning overlooks the fact that the language of the anti-injunction statute is clear and that Congress has had numerous opportunities to specifically provide for the interplay between the Anti–Injunction Act and the Bankruptcy Code but has declined to do so.[9] Moreover, sections 6672 and 7421(a) were not enacted without purpose. Section 6672 serves to provide the United States with an additional source from which to collect withholding taxes and to discourage the misuse of withholding taxes by the responsible persons. *See In re Educators Inv. Corp.*, 59 B.R. at 910, 911 (Bankr.D. Nev.1986). Section 7421 was enacted to protect "[T]he Government's need to assess and collect taxes as expeditiously as possible with a minimum of preenforcement judicial interference, and to require that the legal right to the disputed sums be determined in suit for a refund." *Bob Jones University*, 416 U.S. at 736, 94 S.Ct. at 2046.

The clear language of section 7421(a) cannot be ignored. This court, while reluctant to acknowledge its powerlessness to enjoin acts harmful to a debtor's ability to reorganize, is bound by principles of judicial restraint which have recently been reemphasized by the United States Supreme Court.

For example, in *United States v. Locke*, 471 U.S. 84, 105 S.Ct. 1785, 85 L.Ed.2d 64 (1985), the Court considered the application of the Federal Land Policy and Management Act of 1976 ("FLPMA") which required, *inter alia*, annual filing by the holders of unpatented mining claims "prior to December 31" of each year. Upon failure to file, a mining claim is deemed abandoned and escheats to the Government. In *Locke*, the appellees filed *on* December 31.

---

7. *See* 26 I.R.C. § 103(j)(1).

8. This court need not decide whether an incongruity exists between the Supreme Court's *Enochs* and *Regan* opinions, *see In re Dore & Associates Contracting, Inc.*, 45 B.R. 758 (Bankr. E.D.Mich.1985), since under the holding of either case, an injunction will not issue if the plaintiff has an adequate remedy at law.

9. These opportunities have included not only amendments to both 11 U.S.C. § 7421 and to the Bankruptcy Code, but also include the enactment of the Bankruptcy Tax Act of 1980, Pub.L. No. 96–589, the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, and the Tax Reform Act of 1986, Pub.L. No. 99–514.

The Bureau of Land Management advised the claimants that their claims had been declared abandoned and void due to their tardy filing. Accordingly, claims for which gross income totalled more than one million dollars a year escheated to the government. After pursuing administrative review, the claimants filed an action before the District Court of Nevada which found, *inter alia*, that the one-day late filing "substantially complied" with the Act and regulations.

Upon review, the Supreme Court scrutinized the Federal Act to see if support could be found for the lower court's finding of "substantial compliance." The Court determined that the Act could not support such an interpretation and that, despite the draconian result, the automatic forfeiture of the mining claim would be upheld. In its opinion, the Court set forth a discussion of the principles which a court must follow when it is applying a statute to the facts of a particular case. The Court stated:

> [T]he fact that Congress might have acted with greater clarity or foresight does not give courts a *carte blanche* to redraft statutes in an effort to achieve that which Congress is perceived to have failed to do. 'There is a basic difference between filling a gap left by Congress' silence and rewriting rules that Congress has affirmatively and specifically enacted.' Nor is the judiciary licensed to attempt to soften the clear import of Congress' chosen words whenever a court believes those words lead to a harsh result. On the contrary, deference to the supremacy of the legislature, as well as recognition that congressmen typically vote on the language of a bill, generally require us to assume that 'the legislative purpose is expressed by the ordinary meaning of the words used.' 'Going behind the plain language of a statute in search of a possibly contrary congressional intent is a step to be taken cautiously even under the best of circumstances.'

471 U.S. at 95–6, 105 S.Ct. at 1793 (citations omitted).

Similarly, in *C.I.R. v. Asphalt Products Co., Inc.*, —— U.S. ——, 107 S.Ct. 2275, 96 L.Ed.2d 97 (1987) (*per curiam*), the Supreme Court has made it abundantly clear that the judiciary may not rewrite an unambiguous statute even if the result may be unpalatable. In that case, the Sixth Circuit refused to apply the literal language of a penalty provision of the Internal Revenue Code because it felt that such an application would cause an absurd result. The Supreme Court reversed stating: "[J]udicial perception that a particular result would be unreasonable may enter into the construction of ambiguous provisions, but cannot justify disregard of what Congress has plainly and intentionally provided." 107 S.Ct. at 2278.

### CONCLUSION

In light of the clear and unambiguous statutory language of 26 U.S.C. §§ 6672 and 7421, the purposes sought to be achieved by Congress in enacting these statutes, and in deference to the Supreme Court's own pronouncement that *Enochs* was meant to be the "capstone to judicial construction of the [Anti–Injunction] Act," *Bob Jones*, 416 U.S. at 742, 94 S.Ct. at 2048, this court will not substitute its judgment for that of Congress. The debtor's motion for injunctive relief must be and is hereby denied.