**In re Barbara Jean O'NEIL, nka Barbara Jean Kerpsack, Debtor,**

**Consolidated for joint administration with Barry O'Neil, Debtor.**

**Barbara Jean O'NEIL, nka Barbara Jean Kerpsack, Appellant,**

**v.**

**INTERNAL REVENUE SERVICE, Raymond Carey, Trustee, Appellees.**

**Nos. C–91–2564 DLJ (SAW), C–91–2488 SAW.**

United States District Court, N.D. California.

April 7, 1992.

Kimberly R. Sweidy, Vallejo, Cal., for debtor/appellant.

Erik Doerring, U.S. Atty.'s Office, San Francisco, Cal., for defendant.

Ray H. Olmstead, Santa Rosa, Cal., for appellees.

## MEMORANDUM AND ORDER

WEIGEL, Senior District Judge.

### Facts

On April 17, 1989, appellant ("debtor") filed a petition under Chapter Seven of the Bankruptcy code.[1] Subsequently, debtor's real property was sold by appellee ("trustee") and her exempt homestead funds of $45,000 were put into a trust fund to pay 1988 taxes which the estate may have owed. This money was held in trust in the event that the bankruptcy estate would not have sufficient funds to pay the tax claim. Debtor then filed a priority claim on the estate on behalf of the IRS for $29,860 to ensure that the tax claim would be paid by the trustee rather than out of her homestead funds.

After debtor's discharge, but before the assets of the estate were distributed to the creditors, the IRS levied on debtor's homestead trust fund and collected $33,545.40.[2] Subsequently, it was determined that sufficient funds existed in the estate to pay the entire 1988 tax claim, and the homestead money need not have been put into a trust nor levied upon by the IRS. Debtor, seeking reimbursement from the trustee for her payment of the tax claim, moved to substitute herself in place of the IRS as a priority creditor on the tax claim she had filed against the estate. On February 25, 1991 her motion for substitution was denied by the bankruptcy court on the ground that 11 U.S.C. § 507(d) prevents a debtor from being substituted in place of a priority creditor.

Debtor then brought a complaint seeking determinations that (1) the estate still owed the 1988 tax claim, and (2) she was not personally liable for the tax. These determinations would have compelled the estate to pay the 1988 tax claim to the IRS, even though the claim had been paid from debtor's homestead funds; then, after such payment, debtor would presumably have filed for a rebate of the taxes levied out of her homestead fund. In response to the debtor's motion, the trustee objected to the tax claim because it had already been paid.

The bankruptcy court issued two orders. One order sustained the trustee's objection to the IRS claim filed by debtor, thus disallowing the claim. The other order denied summary judgment for debtor on all of her claims, granted summary judgment in favor of the trustee and the IRS, and specifically found that debtor was personally liable for the 1988 tax claim. Debtor's appeals of the two orders were related by order of this Court.

### Discussion

#### A. Disallowance of IRS Claim.

The bankruptcy court held that the trustee's objection to the IRS claim filed by the

---

1. Appellant's bankruptcy petition was consolidated for joint administration with a bankruptcy petition filed by her exhusband, Barry O'Neil.

2. Of the $33,545.40 paid to the IRS, Ms. Kerpsack paid $11,660.20 and Mr. O'Neil paid $21,-885.20.

debtor was justified, and disallowed the claim. The court's decision rested on the trustee's defense that the IRS claim had been paid and was thus no longer valid. Debtor argues that the trustee should not have been allowed to assert a defense of payment to invalidate the IRS claim since that defense only arose long after the filing of bankruptcy.

■ Title 11 U.S.C. § 502 outlines the procedure for determining whether a claim is allowable. That section states that a claim is deemed allowed unless a party in interest objects. If an objection is made, the court is directed to allow the claim except to the extent that it is "unenforceable ... for some reason." 11 U.S.C. § 502. That a claim has already been paid is a valid ground for objection and disallowance. 11 U.S.C. § 558. Section 502 does not specify whether the ground for disallowing a claim must have been in existence at the time the petition was filed or whether it may arise at some time in the future.

■ The bankruptcy court is a court of equity and is governed by both the Bankruptcy Act and equitable principles. *Vanston Bondholders Protective Committee v. Green*, 329 U.S. 156, 162, 67 S.Ct. 237, 239–40, 91 L.Ed. 162, *reh'g denied*, 329 U.S. 833, 67 S.Ct. 497, 91 L.Ed. 706 (1947). The Court need not address debtor's contention that the trustee's objection to the claim is untimely, because the Court finds the objection unavailing on equitable grounds. The debtor was ordered to pay the tax because the estate may not have had sufficient funds to pay it. That payment came out of the debtor's homestead funds. Subsequently it was determined that the estate had sufficient funds and the debtor's homestead funds need not have been levied against. Equitable considerations here compel the conclusion that the debtor has been wrongfully deprived of her homestead funds in the amount of the tax. Allowing the tax claim she filed against the estate on behalf of the IRS is a logical step towards her reimbursement. Disallowing it would force her to pay, from exempt homestead funds, a tax for which the estate itself is properly liable and for which

sufficient funds have always been available. The claim must therefore be allowed.

■ Were the Court to find otherwise, nothing but the good will of the IRS could protect a discharged debtor from being forced to pay tax claims that can and should be paid by the estate. Clearly, if the trustee has the funds ready and available to pay a pre-existing tax claim, those funds, and not the exempt assets of a discharged debtor, should be used. A contrary holding would also reward the trustee for delaying payment to the IRS. This would encourage a trustee to delay distribution to the IRS long enough to enable the IRS to levy on a discharged debtor's exempted assets, thus relieving the trustee from paying the tax. Such a result cannot be sanctioned.

### B. *Summary Judgment.*

■ Debtor asserts that 11 U.S.C. § 505(a) permits the bankruptcy court to determine the respective liabilities of the bankruptcy estate and the debtor for a tax debt. Debtor seeks a determination that the trustee is liable for the 1988 IRS claim and that she is not liable for it. Section 505(a) does allow the bankruptcy court to determine the amount or legality of a tax against the bankruptcy estate. The court may also determine the respective liabilities of the estate and the debtor regarding unpaid taxes. *In re Educators Investment Corp.*, 59 B.R. 910, 913 (Bkrtcy.D.Nev. 1986). The Supreme Court has approved a calculation of a debtor's personal liability for a non-dischargeable tax debt as the amount that could not be satisfied out of the bankruptcy estate. *Bruning v. United States*, 376 U.S. 358, 360, 84 S.Ct. 906, 907–08, 11 L.Ed.2d 772 (1963).

■ Here, neither party disputes that at the time of debtor's filing, debtor owed $33,545.40 to the IRS. Sufficient funds existed in the bankruptcy estate to pay the entire claim. As discussed *supra*, the trustee's contention that the payment of the tax extinguished the claim and any liability against the estate is without merit. Thus, this court finds that the estate has a

currently existing tax liability in the amount of $33,545.40. In addition, because the estate has sufficient funds to pay the entire tax obligation, the debtor has no liability.

C. *Return of Tax Payment to Debtor.*

■ The district court has jurisdiction over an action for wrongful levy by the IRS. 26 U.S.C. § 7426(a)(1). This Court has found that the IRS wrongfully levied $33,545.40 of debtor's homestead funds to pay the 1988 tax. In the interests of judicial economy, and to avoid requiring the debtor to refile a complaint against the IRS for return of her tax payment, the IRS must pay $33,545.40 to debtor and her husband upon the trustee's payment of that amount to the IRS.

Accordingly,

IT IS HEREBY ORDERED that:

(1) The bankruptcy court's disallowance of the IRS claim is REVERSED and the claim is reinstated;

(2) The bankruptcy court's summary judgment order is MODIFIED to find that under 11 U.S.C. § 505(a), the bankruptcy estate is liable for the 1988 tax claim in the amount of $33,545.40 and the debtor has no liability for that claim;

(3) The trustee is ordered to pay the IRS $33,545.40 to satisfy the 1988 tax claim;

(4) The IRS is ordered to pay $33,545.40 to debtor and her husband upon payment of that amount by the trustee to the IRS. The payment is to be apportioned between Ms. Kerpsack and Mr. O'Neil according to the amount of that sum that each paid to the IRS.