**In re AMERICAN BICYCLE ASSOCIATION, Debtor.**

**AMERICAN BICYCLE ASSOCIATION; Bernard R. Anderson, Appellants,**

v.

**UNITED STATES of America, ex rel. INTERNAL REVENUE SERVICE, Appellee.**

**No. 88–15281.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 5, 1989.

Decided Feb. 12, 1990.

---

**1278**

Charles W. Lowe, Davis & Lowe, P.C., Phoenix, Ariz., for appellants.

Shirley D. Peterson, Asst. Atty. Gen., and Calvin C. Curtis, Tax Atty., Dept. of Justice, Washington, D.C., for appellee.

Before NORRIS, THOMPSON and O'SCANNLAIN, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge:

Appellants American Bicycle Association ("debtor") and Bernard R. Anderson appeal the district court's order reversing the bankruptcy court's order enjoining the Internal Revenue Service ("IRS") from collecting a "responsible officer 100% penalty" assessed under Internal Revenue Code § 6672[1] against Anderson, the debtor's secretary-treasurer. The district court had jurisdiction pursuant to 28 U.S.C. § 158(a). We have jurisdiction under 28 U.S.C. § 158(d) and we affirm.

## FACTS AND PROCEEDINGS

The debtor filed for relief under Chapter 11 of the Bankruptcy Code on November 25, 1985. In its confirmed plan of reorganization, the debtor is obligated to make installment payments to pay in full approximately $219,623 in federal taxes. Nothing indicates that the debtor has failed to make the payments required by the plan. Prior to confirmation of the plan, the IRS notified Anderson that he would be assessed as a "responsible officer" of the debtor corporation a penalty of $35,742.85 under section 6672 for willfully failing to pay to the government a portion of the federal taxes owed by the debtor.[2] On September 15, 1987, appellants filed a complaint seeking to enjoin the IRS from collecting this liability from Anderson. In an uncontroverted affidavit, Anderson alleged that the IRS' collection of the assessed penalty would impair his ability to make necessary capital contributions required to fund the debtor's reorganization plan.

The bankruptcy court, taking these allegations as true, held that it had jurisdiction to rule on appellants' complaint and entered a preliminary injunction against the IRS. The bankruptcy court, noting a divergence of authority on the question, chose to follow those cases holding that a bankruptcy court may enjoin the IRS from collecting 100% penalty taxes from responsible corporate officers of a debtor. The bankruptcy court granted the government leave to appeal from the preliminary injunction. The district court reversed. The district court held that the bankruptcy court had no positive grant of jurisdiction to enjoin the collection of taxes from a nondebtor corporate officer and also that the Anti–Injunction Act[3] specifically barred the bankruptcy court from enjoining the IRS. The debtor and Anderson appeal.

## STANDARD OF REVIEW

This appeal involves no issues of fact. We review the bankruptcy and district

---

1. This section provides in relevant part that: Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. 26 U.S.C. § 6672(a) (1982).

2. Section 6672 imposes an independent liability against responsible persons for the collection and payment of certain "trust fund" taxes, such as withholding. *See Teel v. United States,* 529 F.2d 903, 906 (9th Cir.1976). Employees receive credit for such taxes regardless of whether the employer remits them to the government. *See Slodov v. United States,* 436 U.S. 238, 243, 98 S.Ct. 1778, 1783, 56 L.Ed.2d 251 (1978).

3. The Anti–Injunction Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a) (1982).

courts' conclusions of law de novo. *In re Globe Inv. and Loan Co., Inc.,* 867 F.2d 556, 559 (9th Cir.1989).

## ANALYSIS

■ This appeal presents an issue of first impression in our circuit: may a bankruptcy court enjoin the collection of a 100% penalty assessed under 26 U.S.C. § 6672 against the responsible officer of a debtor corporation? Our answer is no.

The decisions on this issue are numerous and divergent. *See In re John Renton Young, Ltd.,* 87 B.R. 635, 638 (Bankr.D. Nev.1988) (lists cases which have addressed the issue). Under circumstances similar to those in the present case, one court of appeals has held that bankruptcy courts have no positive grant of jurisdiction to enjoin the collection of taxes against non-debtors, *see United States v. Huckabee Auto Co.,* 783 F.2d 1546, 1549 (11th Cir. 1986). We decide this appeal, however, under "the Anti–Injunction Act because it is relatively straightforward, avoids deciding a constitutional question (Article III standing), and provides the narrowest ground for decision." *In the Matter of LaSalle Rolling Mills, Inc.,* 832 F.2d 390, 392 n. 6 (7th Cir.1987).

Appellants attack the applicability of the Anti–Injunction Act. They argue that Congress' desire to provide for the reorganization of bankrupts in Chapter 11 overrides its interest in preventing any interference in the collection of federal taxes. Appellants also argue that this case comes within the judicially-created exception to the Anti–Injunction Act set forth in *South Carolina v. Regan,* 465 U.S. 367, 104 S.Ct. 1107, 79 L.Ed.2d 372 (1984). Neither of these arguments is persuasive.

In arguing that "Congress contemplated bankruptcy to be an exception to the Anti–Injunction Act," appellants attempt to find an inconsistency between the Supreme Court's opinion in *United States v. Whiting Pools, Inc.,* 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983), and the present case. In *Whiting Pools,* the Court concluded that under 11 U.S.C. § 542(a) (Supp. V 1976), property of the debtor's

estate includes "property of the debtor that has been seized by a creditor prior to the filing of a petition for reorganization." *Id.* at 209, 103 S.Ct. at 2315. The Court thus ordered the IRS to turn over prepetition assets that it had seized from the debtor. Appellants argue that it would be inconsistent to deny issuance of an injunction in this case when the Court approved issuance of an injunction which thwarted the IRS' collection efforts in *Whiting Pools.*

Appellants, however, overlook at least two crucial distinctions between our case and *Whiting Pools.* First, as the Court noted in *Whiting Pools,* section 542(a) applies to any "entity" and "[t]he Bankruptcy Code expressly states that the term 'entity' ... includes a governmental unit." *Id.* No comparable specific statutory exception helps the appellants in the present case. Second, *Whiting Pools* dealt with the statutory authority of a bankruptcy trustee to require the IRS to return to the estate prepetition property of a *debtor* which it had seized. The present case involves the collection of a 100% penalty assessed against a *nondebtor* responsible officer of the debtor corporation. The present case is thus distinguishable from *Whiting Pools.*

■ We conclude that *Whiting Pools* does not provide authority for the bankruptcy court's injunction enjoining collection of the 100% penalty from Anderson. Moreover, nothing in the Bankruptcy Code or its legislative history indicates that Congress intended to override the Anti–Injunction Act in these circumstances. *See LaSalle Rolling Mills,* 832 F.2d at 394. Only section 105(a) of the Bankruptcy Code might arguably give a bankruptcy court power to enjoin the IRS from collecting the 100% penalty from the responsible officer of a debtor corporation. Section 105(a) authorizes a bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a) (1988). All encompassing as this statute seems to be, however, it does not provide specific authorization empowering a bankruptcy court to enjoin collection of the 100% penalty. On the other hand, the text

of the Anti–Injunction Act is specific and unequivocal. We hold that its proscription is not overridden by the general grant of authority provided in section 105(a) of the Bankruptcy Code.

We are mindful that some district courts and bankruptcy courts, although in the minority of those considering the issue, have adopted appellants' argument and granted injunctions in cases similar to ours. These courts have relied primarily on *Bostwick v. United States*, 521 F.2d 741 (8th Cir.1975). *See In re John Renton Young, Ltd.*, 87 B.R. at 638 (lists cases where injunctions were determined to be appropriate). In *Bostwick*, the Eighth Circuit held that the Anti–Injunction Act did not prohibit a bankruptcy court from enjoining the IRS from collecting taxes against a debtor following discharge. The court concluded that the discharge provisions under section 17(c) of the Bankruptcy Act, including a provision "authorizing the issuance of injunctions, clearly evidences an intent by Congress that the orderly administration of the Bankruptcy Act take precedence over the general policy stated in the 'anti-injunction' act." *Bostwick*, 521 F.2d at 745.

We need not pass on the correctness of *Bostwick*. Instead, we merely note that the Eighth Circuit has subsequently limited *Bostwick* to its facts, holding that the Anti–Injunction Act prevents bankruptcy courts from enjoining the IRS from collecting the 100% penalty prescribed by section 6672 from responsible officers and shareholders of a corporate debtor. *See A to Z Welding & Mfg. Co. v. United States*, 803 F.2d 932, 933 (8th Cir.1986) (per curiam) (reaffirming the holding of *Kelly v. Lethert*, 362 F.2d 629 (8th Cir.1966)); *accord LaSalle Rolling Mills*, 832 F.2d at 392–94; *see also In re Heritage Village Church & Missionary Fellowship, Inc.*, 851 F.2d 104, 105–06 (4th Cir.1988) (per curiam) (holding that the Anti–Injunction Act prevented the bankruptcy court from enjoining the IRS from revoking the debtor's tax-exempt status); *In the Matter of Becker's Motor Transportation, Inc.*, 632 F.2d 242, 246 (3d Cir.1980) (holding that although the IRS had failed to give notice of its intention to collect prepetition penalties and postpeti-

tion interest from the debtor, the Anti–Injunction Act barred the bankruptcy court from enjoining the IRS' collection of these taxes following discharge), *cert. denied*, 450 U.S. 916, 101 S.Ct. 1358, 67 L.Ed.2d 341 (1981). Thus, the appellants' argument that the Bankruptcy Code overrides the Anti–Injunction Act is not persuasive.

Appellants argue next that even if the Bankruptcy Code does not override the Anti–Injunction Act, appellants' complaint comes within the exception enunciated by the Supreme Court in *South Carolina v. Regan*, 465 U.S. 367, 104 S.Ct. 1107, 79 L.Ed.2d 372 (1984). In *Regan*, South Carolina sought to enjoin the collection of federal taxes on the interest from certain state-issued bonds on the ground that such a tax violated the tenth amendment and the doctrine of intergovernmental tax immunity. *Id.* at 370–72, 104 S.Ct. at 1109–10. The IRS claimed that the Anti–Injunction Act barred South Carolina's suit. *Id.* The Court disagreed, noting that "Congress did not intend the Act to apply to actions brought by aggrieved parties for whom it has not provided an alternative remedy." *Id.* at 378, 104 S.Ct. at 1114. Appellants maintain that they are without an alternative remedy, and thus come within the *Regan* exception.

The Seventh Circuit considered and rejected an identical contention in *LaSalle Rolling Mills*, noting that:

The "alternative remedy" to which the Court referred, and which was not provided, was "an alternative legal avenue by which to contest the legality of a particular tax." *Id.* [465 U.S.] at 373, 104 S.Ct. at 1111. [Appellant], by contrast, does not challenge the legality of the tax, nor does it appear, from the record before us, that it could do so. Instead it seeks to avoid (or at least postpone) the assessment of that tax on grounds unrelated to whether the tax is lawful, due and owing, which it clearly seems to be. Far from wanting an alternative avenue to determine the legality of the tax, [appellant] seeks to avoid such a determination.

*LaSalle Rolling Mills*, 832 F.2d at 393.

Appellants argue that the Seventh Circuit in *LaSalle Rolling Mills* erroneously

focused on the legality of the tax and not on the relief sought. Appellants note that they do not seek to determine the validity of the tax, but to prevent substantial harm to the debtor's reorganization plan. Appellants maintain that as to this particular relief, they have no legal alternative but to seek an injunction against the IRS.

While appellants' argument is creative, it misapprehends the purpose of the Anti–Injunction Act and the rationale behind *Regan*. As the Court stated in *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962):

> The manifest purpose of [the Anti–Injunction Act] is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund. In this manner the United States is assured of prompt collection of its lawful revenue.

*Id.* at 7, 82 S.Ct. at 1129. Promoting the purpose behind the Act requires a strict construction of any possible exceptions. Appellants have failed to demonstrate how the present case falls within any recognized exception.[4] *See id.; Regan*, 465 U.S. at 378, 104 S.Ct. at 1114.

We hold that the Anti–Injunction Act precludes a bankruptcy court from enjoining the IRS from collecting a 100% penalty assessed under 26 U.S.C. § 6672 against the responsible officer of a debtor corporation. Accordingly, the order of the district court is AFFIRMED.

---

4. The appellants do not contest the legality of the tax, and even if they did, appellants have available to them the alternative legal remedy of paying the tax and suing for a refund. *See LaSalle Rolling Mills*, 832 F.2d at 393 & n. 8.