TROTT, Circuit Judge:
 

 We are asked to decide whether the definition of “self-employed retirement plans” under Cal.Civ.Proc.Code § 704.115 includes corporate plans in which one person controls the corporation and the plan. The district court held that it does. We disagree and reverse.
 

 
 *1115
 
 I
 

 Ceferino G. Cheng, M.D., was the sole shareholder, director, and chief executive officer of Ceferino G. Cheng, M.D., Inc. (the “Corporation”). Between 1974 and 1984, Cheng established and maintained two retirement benefit plans (collectively, the “Plan”).
 

 On March 19, 1984, Dr. Cheng filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. As an individual debtor, Dr. Cheng was permitted to exempt certain property from inclusion in his bankruptcy estate. 11 U.S.C. § 522 (1989). Section 522(b) provides two schemes under which an individual debtor may exempt his property. Under the first scheme, the debtor may utilize the exemptions specifically enumerated in section 522(d) unless applicable state or local law “does not so authorize.” 11 U.S.C. § 522(b). The second option allows the debtor to exempt any property that is exempt under federal law (other than section 522(d)) or the applicable state law. Dr. Cheng, who resides in California, has chosen to look to California’s exemption scheme.
 

 In the bankruptcy proceeding, Cheng claimed that the Plan’s assets were exempt pursuant to Cal.Civ.Proc.Code § 704.115, which provides a full exemption for “private retirement plans” and a partial exemption for “self-employed retirement plans.”
 
 [1]
 
 After much litigation, the bankruptcy court denied the exemption in its entirety.
 
 [2]
 

 As a threshold matter, the court found that “[b]ecause the [P]lan was designed and used for retirement purposes, [Dr. Cheng’s] interests in the [P]lan and the [P]lan's assets are subject to being claimed as exempt under [section] 704.115.”
 
 See Bloom v. Robinson (In re Bloom),
 
 839 F.2d 1376 (9th Cir.1988). Next, the court determined that the Plan should be treated as a “self-employed retirement plan,” which is exempt only to the “extent necessary” to provide support for the debtor and his family. Cal.Civ.Proc.Code §§ 704.-115(a)(3), 704.115(e) (West 1987). Finally, the court held that “because none of the [P]lan assets are needed for the retirement needs of the debtor, the objections must be sustained and the debtor ordered to turn over, or effect the turnover, of the [P]lan assets in existence on the date of bankruptcy to the Trustee....” The district court affirmed.
 

 On appeal, Dr. Cheng claims the bankruptcy court erred in analyzing the Plan under section 704.115(a)(3) because the Plan was a corporate retirement plan properly treated under section 704.115(a)(1) or (a)(2).
 

 II
 

 “We review the bankruptcy court’s decision independently.”
 
 Careau Group v.
 
 
 *1116
 

 Juan De La Cruz Farm Workers Pension Fund,
 
 923 F.2d 710, 711 (9th Cir.1991);
 
 see also Matter of Pizza of Hawaii,
 
 761 F.2d 1374, 1377 (9th Cir.1985) (“Because we are in as good a position as the district court to review the findings of the bankruptcy court, we independently review the bankruptcy court’s decision.”). “As only legal issues are involved in this appeal, our review is de novo.”
 
 Careau Group,
 
 923 F.2d at 711.
 

 Ill
 

 As Professor Austin Wakeman Scott has observed,
 

 [pjeople want both certainty and flexibility in the law, but in a way the two are inconsistent. In my time certainty was important, and logic was used to reach certainty. Since I became professor, there has been a move toward flexibility.
 

 Scott,
 
 Scott Tells A Personal History of HLS,
 
 68 Harvard Law Record No. 4, at 91 (March 9, 1979). This case forces us to choose between certainty and flexibility. In a nutshell, Dr. Cheng’s Plan is a corporate plan, and corporate plans are not subject to the “extent necessary” limitation. That is what the statute says. In his thoughtful and careful opinion, the bankruptcy judge reached a different conclusion:
 

 The intent of the legislature in enacting CCP § 704.115 and, in particular, subdivision (e) of that statute, was to impose the “extent necessary” limitation on exempt pension and retirement plan assets when one person who is or is aligned with the debtor has all or substantially all the control over the contributing corporation, the plans, the assets and the determination of the purposes to which they are put.
 

 This is the case here, where the debtor was the sole shareholder, president and controlling executive officer of Cheng, M.D., Inc., and also served as the plan’s trustee. Dr. Cheng managed and used the plan in a manner that makes it factually more like a self-employed retirement plan or an individual retirement account or annuity than a pension and retirement plan established by a corporation or union in such a fashion that one person does not have control over contributions, management, administration and usage of plan assets. Otherwise stated, the plan operated more like a tax-favored savings account for Dr. Cheng than like a negotiated, arms’-length pension and retirement system for the benefit of many people.
 

 Dr. Cheng’s argument on appeal is three-pronged. First, he notes that exemption statutes must be construed “in favor of the debtor,” a point the Trustee does not dispute. The Trustee does point out, however, that “Dr. Cheng is not advocating a liberal construction, he is advocating form over substance.”
 

 Second, Dr. Cheng claims the legislative history of section 704.115(e) indicates that the “extent necessary” limitation was meant to apply only to IRA and Keogh plans, not corporate plans. In response, the Trustee argues that the legislative history confirms the California legislature’s intent to curtail the exemption for retirement plans controlled by one person, without regard to form.
 

 Third and finally, Dr. Cheng argues that because section 704.115(a)(3) refers specifically to self-employed retirement plans under the Internal Revenue Code (the “Code”), the Code must inform our analysis. Specifically, if the Code recognizes Dr. Cheng’s Plan as a corporate one, so must the bankruptcy court. As the Trustee points out, the thrust of this argument is that “a corporation is a corporation is a corporation.”
 

 The only case even remotely on point is
 
 Bloom.
 
 The debtor in
 
 Bloom,
 
 a physician, was the 50% owner of a medical corporation. The corporation created a private retirement plan and a profit-sharing plan. The physician filed for bankruptcy, and claimed that the plans were exempt under section 704.115. The court held that the plans were entitled to an exemption only if they were “designed and used for retirement purposes,” but made no mention of the “extent necessary” limitation. Dr. Cheng argues that the court’s failure to
 
 *1117
 
 mention the limitation indicates that the limitation does not apply to corporate plans. The bankruptcy court disagreed with this analysis:
 

 Whereas
 
 Bloom
 
 considered whether assets of pension plans which are used for retirement purposes can be exempted under CCP § 704.115, it did not address the determinative legal question faced here, that is, whether such an exemption is limited to the amount necessary for the debtor’s retirement. Where, as is the case here, one person controls the contributing corporation, the plan and the assets, and is also the principal if not the executive beneficiary of the plan, the limitation on the exemption applies.
 

 We cannot agree with this analysis.
 

 Although the legislative history indicates that the policy behind section 704.115(e) is to limit the exemption for plans that are controlled by one person, the statute says what it says, and it was improper for the bankruptcy court to read beyond it. If the California legislature intended to treat closely held corporations differently than large corporations, it could have done so explicitly.
 

 The bankruptcy court’s observations have immense practical significance, and probably constitute a
 
 better
 
 approach than the California statute. We recognize the odd result the statute creates — one-person medical corporations are treated the same as General Motors, creating the opportunity for shareholders of tiny corporations to abuse the exemption scheme — but we may not disregard the statute’s language to address problems properly left to the legislature.
 

 We also fear that the bankruptcy court’s approach creates an unnecessary ambiguity in the plain language of the statute. “[T]he power of the lawyer is in the uncertainty of the law.... [H]is wish [is] to see all waters troubled: — why? as feeling himself, in so superior a degree, a master of the art of fishing in them.” Letter from Jeremy Bentham to Sir Jas. Mackintosh (1808),
 
 reprinted in
 
 10 The Works of Jeremy Bentham 429 (J. Bowring ed. 1962). If corporations with one shareholder are not really corporations, how about corporations with two shareholders? Or three? Or four? When would a closely held corporation become a “real” corporation for the purpose of California exemption law? We are not willing to open the floodgate for this sort of litigation. The bankruptcy court's interpretation of the statute muddies the waters in a difficult area of the law, and ignores the plain language of the statute in the process. Accordingly, the district court’s affirmance of the bankruptcy court’s decision is REVERSED and the matter is REMANDED for proceedings consistent with this opinion.
 

 [1]
 

 . Section 704.115 of the California Code of Civil Procedure provides, in relevant part:
 

 (a) As used in this section, "private retirement plan” means:
 

 (1) Private retirement plans, including, but not limited to, union retirement plans.
 

 (2) Profit-sharing plans designed and used for retirement purposes.
 

 (3) Self-employed retirement plans and individual retirement annuities or accounts provided for in the Internal Revenue Code of 1954 as amended, to the extent the amounts held in the plans, annuities, or accounts do not exceed the maximum amounts exempt from federal income taxation under that code. (b) All amounts held, controlled, or in process of distribution by a private retirement plan, for the payment of benefits as an annuity, pension, retirement allowance, disability payment, or death benefit from a private retirement plan are exempt.
 

 [[Image here]]
 

 (e) Notwithstanding subdivisions (b) and (d), except as provided in subdivision (f), the amounts described in paragraph (3) of subdivision (a) are exempt only to the extent necessary to provide for the support of the judgment debtor when the judgment debtor retires and for the support of the spouse and dependents of the judgment debtor, taking into account all resources that are likely to be available for the support of the judgment debtor when the judgment debtor retires. In determining the amount to be exempt under this subdivision, the court shall allow the judgment debtor such additional amount as is necessary to pay any federal and state income taxes payable as a result of the applying of an amount described in paragraph (3) of subdivision (a) to the satisfaction of the money judgment.
 

 Cal.Civ.Proc.Code § 704.115 (West 1987).
 

 [2]
 

 . The complex procedural history of this case is irrelevant to the appeal, and hence will not be discussed.