**In re Richard D. SMITH, Debtor.**

**UNITED STATES of America, Appellant,**

**v.**

**Richard D. SMITH, Appellee.**

**BAP No. WW–92–1985–BAR.**
**Bankruptcy No. A89–09154.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted July 23, 1993.

Decided Sept. 28, 1993.

**814**

John S. Woodburne, Bellevue, WA, for appellant.

W. Carl Hankla, Washington, DC, for appellee.

Before: BOWIE[1], ASHLAND, and RUSSELL, Bankruptcy Judges.

## OPINION

BOWIE, Bankruptcy Judge:

The Bankruptcy Court entered an order requiring the Washington State Lottery Commission to pay all gross winnings to the bankruptcy trustee, without withholding any of the proceeds. The United States, on behalf of the Internal Revenue Service, appeals. WE REVERSE.

### I. FACTS

Pre-petition, the debtor won the Washington State Lottery, entitling him to an annual payment of $50,000, before taxes. At the time of winning, the debtor was married, but has since divorced. During the pendency of the debtor's Chapter 7 bankruptcy, the trustee settled with the former wife over distribution of the lottery winnings, with the annual payment to be split $10,000 to the former wife and $40,000 to the estate, for a period of years.

The Lottery Commission requires a single payee, with a single tax number, against which to credit the sums required to be withheld under 26 U.S.C. § 3402. The bankruptcy trustee filed a motion to determine tax under 11 U.S.C. § 505(b) [later orally amended to § 505(a)] to determine that the Lottery Commission could pay all winnings to the estate without withholding funds as required under § 3402. The United States opposed, asserting that § 505(b) was not applicable, *inter alia*, where no tax return had yet been filed for the period in question. After oral argument, the Bankruptcy Court entered the Order appealed from, captioned "ORDER ON WITHHOLDING TAX", in which the Court found that "the withholding by the

---

1. Hon. Peter W. Bowie from the Southern District of California, sitting by designation.

Lottery Commission or its designee of 20% of the lottery prize for the benefit of the Internal Revenue Service is a withholding in potential payment of an administrative tax claim subject to the jurisdiction of this Court." Based on § 505(a) "and if necessary § 105," the Court declared in relevant part:

> IT IS HEREBY ORDERED that the Lottery Commission or its designee shall turnover to the estate the entire $50,000.00 annual distribution of the lottery prize and shall not withhold and remit to the Internal Revenue Service any portion of the $50,000.00 lottery proceeds.

The court also ordered the trustee to file all appropriate tax returns and to withhold and remit to the IRS 20% of the portion payable to the former wife.

## II. ISSUES RAISED ON APPEAL

1. Does 11 U.S.C. § 505 afford the Bankruptcy Court a basis for such an order when no tax return has been filed?

2. Is the order of the Bankruptcy Court violative of the Anti–Injunction Act, 26 U.S.C. § 7421?

3. Are funds required to be withheld under 26 U.S.C. § 3402 funds held in trust for the United States and not subject to the jurisdiction of the Bankruptcy Court?

4. Was there any factual basis for the Bankruptcy Court's determination that "withholding would be adverse to the best administration of the estate"?

Because of this Panel's resolution of issues 1 and 2, it is unnecessary to reach the remaining issues.

## III. STANDARD OF REVIEW

Issues 1 and 2 are issues of law, which are reviewed *de novo. In re Neal,* 113 B.R. 607, 608 (9th Cir. BAP 1990); *In re Cheng,* 943 F.2d 1114, 1116 (9th Cir.1991).

## IV. DISCUSSION

1. 11 U.S.C. § 505.

■ The trustee's motion to the Bankruptcy Court was predicated on § 505(b), but was amended, at least orally, at the hearing on July 28, 1992, to § 505(a). That subsection provides:

> (a)(1) Except as provided in paragraph (2) of this subsection, the court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

> (2) The court may not so determine—

> (A) the amount or legality of a tax, fine, penalty, or addition to tax if such amount or legality was contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction before the commencement of the case under this title: or

> (B) any right of the estate to a tax refund, before the earlier of—

> (i) 120 days after the trustee properly requests such refund from the governmental unit from which said refund is claimed;

> or

> (ii) a determination by such governmental unit of such request.

The threshold problem is that the trustee did not ask the Bankruptcy Court to determine the amount or legality of any tax, fine, penalty or addition to tax. Rather, the relief sought, and ordered, was directed to the Lottery Commission and required the Commission to "turnover to the estate the entire $50,000.00 annual distribution of the lottery prize and shall not withhold and remit to the Internal Revenue Service any portion of the $50,000.00 lottery proceeds." The next paragraph of the order makes it even more clear that the Bankruptcy Court was not being asked to determine the amount or legality of any tax. It provides:

> IT IS FURTHER ORDERED that the Trustee shall file in the ordinary course of the administration of the estate, the estate's bankruptcy tax returns and pay any tax due pursuant to such returns....

What the trustee sought, and obtained, was an order of turnover by the Lottery Commission and an order enjoining the Commission from complying with the withholding requirements of the Internal Revenue Code, 26 U.S.C. § 3402(q). Section 505 does not authorize such a proceeding, and the trustee has cited no authority that even suggests it does.

■ Accordingly, the Bankruptcy Court's order cannot be sustained as one entered in a proceeding brought under § 505(a). The order itself recites that the Bankruptcy Court relied also on § 105 "if necessary...." The trustee does not rely on § 105 on this appeal, and the United States has correctly recognized that a bankruptcy court's equitable powers are circumscribed by the Bankruptcy Code. *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206, 108 S.Ct. 963, 968, 99 L.Ed.2d 169 (1988). *See also In re American Bicycle Ass'n*, 895 F.2d 1277 (9th Cir.1990).

### 2. *Anti–Injunction Act.*

■ Section 7421(a) of Title 26, United States Code, provides:

Except as provided in section 6212(a) and (c), 6213(a), 6672(b), 6694(c), and 7426(a) and (b)(1), and 7429(b), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

26 U.S.C.A. § 7421(a) (West 1989).

Section 3402 of Title 26, United States Code, establishes the responsibility of certain payors to withhold taxes from monies paid. Subsection q extends withholding to winnings from gambling, including state-conducted lotteries. Subpart (q)(1) provides:

Every person, including the Government of the United States, a State, or a political subdivision thereof, or any instrumentalities of the foregoing, making any payment of winnings which are sub-

ject to withholding shall deduct and withhold from such payment a tax in an amount equal to 28 percent of such payment.[2]

26 U.S.C.A. § 3402(q)(1) (West Supp.1993). Subpart (q)(3) states that proceeds of more than $5,000 from state-conducted lotteries are winnings subject to withholding.

The United States Supreme Court has recognized "that § 3402 withholding is a method of collection of taxes within the meaning of § 7421(a)." *United States v. American Friends Service Com.*, 419 U.S. 7, 10, 95 S.Ct. 13, 15, 42 L.Ed.2d 7 (1974). In that case, the Supreme Court wrote:

[T]he plain wording of the Act [Anti–Injunction Act] ... proscribes any "suit for the purpose of restraining the assessment or collection of any tax." The District Court's injunction against the collection of the tax by withholding enjoins the collection of the tax, and is therefore contrary to the express language of the Anti–Injunction Act.

*Id.*

The trustee argues that the Anti–Injunction Act is not applicable. Rather, the trustee asserts that the full amount of winnings (less the former wife's share) is property of the estate which is protected by the automatic stay of 11 U.S.C. § 362. The trustee argues that withholding constitutes prepayment of a potential administrative claim of the IRS, the amount of which will be determined after the trustee files a return for the estate.

The linchpin of the trustee's argument is *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983). In that case, the Internal Revenue Service seized by levy certain personal property of Whiting Pools. The IRS intended to sell the property to satisfy its tax lien. The day after the seizure, Whiting Pools filed a petition under Chapter 11 to reorganize. The Supreme Court looked to whether the seized property was still property of the estate within the meaning of

---

**2.** For payments received on or before December 31, 1992, withholding was required at 20 percent.

§ 541 such that it was amenable to turnover to the estate under § 542. The Court concluded that property in which secured creditors had an interest, even a possessory interest, remained property of the estate and could be recovered under § 542 if adequate protection was afforded to the creditor. The Supreme Court concluded there was no reason why the IRS should be treated differently from other secured creditors. The Court felt the Bankruptcy Code afforded the IRS other forms of protection. Interestingly, the Court recognized that § 542(a) "also governs turnovers in liquidation and individual adjustment of debt proceedings under Chapters 7 and 13 of the Bankruptcy Code...." 462 U.S. at 208, n. 17, 103 S.Ct. at 2315, n. 17. The Court then stated:

> Our analysis in this case depends in part on the reorganization context in which the turnover order is sought. We express no view on the issue whether § 542(a) has the same broad effect in liquidation or adjustment of debt proceedings.

*Id.*

The Court of Appeals for the Ninth Circuit addressed much of the trustee's argument in *In re American Bicycle Ass'n,* 895 F.2d 1277 (1990). In that case the bankruptcy court had enjoined the IRS from collecting taxes from a non-debtor responsible person who was a principal of the debtor business. The district court reversed the bankruptcy court on two grounds, one of which was the Anti–Injunction Act. The Ninth Circuit affirmed on the Anti–Injunction Act ground. The debtor argued that " 'Congress contemplated bankruptcy to be an exception to the Anti–Injunction Act' " (895 F.2d at 1279), and relied on *Whiting Pools.* The Ninth Circuit recognized that *Whiting Pools* was based on § 542(a). "No comparable specific statutory exception helps the appellants in the present case." *Id.* The court wrote:

> We conclude that *Whiting Pools* does not provide authority for the bankruptcy court's injunction enjoining collection of the 100% penalty from Anderson. Moreover, nothing in the Bankruptcy Code or

its legislative history indicates that Congress intended to override the Anti–Injunction Act in these circumstances.... Only section 105(a) of the Bankruptcy Code might arguably give a bankruptcy court power to enjoin the IRS.... All encompassing as this statute seems to be, however, it does not provide specific authorization empowering a bankruptcy court to enjoin collection of the 100% penalty. On the other hand, the text of the Anti–Injunction Act is specific and unequivocal. We hold that its proscription is not overridden by the general grant of authority provided in section 105(a) of the Bankruptcy Code.

895 F.2d at 1279–80.

In *U.S. v. American Friends Service Com.,* 419 U.S. 7, 95 S.Ct. 13, 42 L.Ed.2d 7 (1974), employees sought an injunction prohibiting the IRS from enforcing the withholding requirements of § 3402 against their employer. The district court granted the injunction, but the Supreme Court reversed. In so doing, the Court wrote:

> The District Court's injunction against the collection of the tax by withholding enjoins the collection of the tax, and is therefore contrary to the express language of the Anti–Injunction Act.

419 U.S. at 10, 95 S.Ct. at 15.

The trustee has cited no authority which establishes that the Bankruptcy Code, as invoked herein, overrides the Anti–Injunction Act of 26 U.S.C. § 7421. In the absence of such authority, and recognizing the general nonbankruptcy law established in *American Friends,* this panel concludes that the Bankruptcy Court order requiring the Lottery Commission not to withhold despite § 3402 is an order enjoining collection of a tax and violates the Anti–Injunction Act.

## V. CONCLUSION

The proceeding brought by the trustee was not a proceeding to "determine the amount or legality of any tax" as contemplated by 11 U.S.C. § 505(a) and was not authorized under that section. The order granted by the Bankruptcy Court enjoined

the collection of tax by withholding, in violation of the Anti–Injunction Act. Because of our resolution of the foregoing issues, we need not reach, and express no opinion on, the remaining issues asserted on appeal. WE REVERSE.