McCRORY CORPORATION, Plaintiff,

v.

The STATE OF OHIO, et al, Defendants.

McCRORY CORPORATION, Plaintiff,

v.

TEXAS COMPTROLLER OF PUBLIC ACCOUNTS, et al., Defendants.

Nos. 94 Civ. 5954 (TPG),
95 Civ. 1519 (TPG).

United States District Court,
S.D. New York.

March 31, 1997.

Ira S. Sacks, Fried, Frank, Harris, Shriver & Jacobson, New York City, for McCrory Corp. in Nos. 94 Civ. 5954, 95 Civ. 1519.

Prince Altee Thomas, Office of Atty. Gen., Commonwealth of Pennsylvania, Philadelphia, PA, for State of Pennsylvania in No. 94 Civ. 5954.

Gregory S. Severance, Office of Atty. Gen. for the State of Ohio, Columbus OH, for State of Ohio, Dept. of Taxation in Nos. 94 Civ. 5954, 95 Civ. 1519.

Wallace E. Hutton, Tax Consultant II, Atty. for the State of Ohio, Columbus, OH, for State of Maryland, Comptroller of the Treasury, in Nos. 94 Civ. 5954, 95 Civ. 1519.

Mark Browning, Lynn Hamilton Butler, Asst. Atty. Gen., Atty. Gen. Office, State of Texas, Austin, TX, for Texas Comptroller of Public Accounts in No. 95 Civ. 1519.

### *OPINION*

GRIESA, Chief Judge.

These cases come before the District Court on appeal from an order of the Bankruptcy Court (Blackshear, J.) preliminarily enjoining any tax assessment or collection proceeding by any state or local taxing authority against the employees of McCrory Corporation and certain related corporations ("McCrory") for debts arising from taxes unpaid by McCrory prior to its bankruptcy proceeding.

On February 26, 1992, McCrory commenced a reorganization proceeding in the Bankruptcy Court. For many years McCrory has operated retail variety stores across the United States. It continues to operate several hundred such stores as a debtor in possession.

McCrory was accustomed to collecting sales taxes from its customers and passing them on to the local taxing authorities. Under well-established rules of law McCrory held these taxes in trust until they were paid.

Where a company such as McCrory goes into bankruptcy, there is often an accumulation of unpaid sales taxes (prepetition taxes) and there may or may not be unpaid trust funds on hand to cover at least part of the tax liability. There is apparently increasing use of procedures to identify and turn over such trust funds to the proper recipients early in bankruptcy proceedings, to the extent that the trust funds exist. However, in the McCrory proceeding there has never been any effort to take such steps.

In 1994 Ohio and Maryland assessed the amounts of the taxes due to those states against certain current and former officers and employees of McCrory under "responsible person" statutes, which make such persons liable for the kinds of taxes involved here, together with any penalties and interest which become due.

McCrory then commenced an adversary proceeding in the Bankruptcy Court seeking to enjoin assessments against the officers and employees, and moved for a preliminary injunction. The adversary proceeding was brought against Ohio and Maryland. Shortly thereafter Texas filed an assessment against an individual connected with McCrory and was allowed to intervene in the adversary proceeding. Pennsylvania and nine other states, which had not actually made any responsible person assessments, filed a joint objection to the position of McCrory in the adversary proceeding, but did not move to intervene.

Judge Blackshear found that, in addition to what is involved with the states just mentioned, McCrory has approximately $4.7 million in potential prepetition tax liability to many other states, as well as counties and other local taxing authorities.

Judge Blackshear granted the motion for preliminary injunction finding that (1) collection efforts instituted by Maryland, Ohio and Texas against McCrory employees were in reality attempts to force McCrory itself to pay its prepetition taxes; (2) McCrory's duty to defend and indemnity its officers, as well as the risk that McCrory might be collaterally estopped from litigating the amount of its state tax debts in bankruptcy court, meant that McCrory was the real party in interest in the state assessments; and (3) the assessments had placed severe burdens on employee time and morale, threatening the reorganization. Thus, in the judge's view, the injunction sought by McCrory was not solely for the protection of the assessed individuals but for the protection of the debtor McCrory and its reorganization efforts. Judge Blackshear rejected the States' arguments that the injunction would violate the Tax Injunction Act, 28 U.S.C. § 1341, and the Eleventh Amendment, and that McCrory lacked standing to obtain an in-

junction protecting its officers and employees.

Texas and Pennsylvania have appealed.

## DISCUSSION

■ On appeal, the court reviews a grant or denial of an injunction for an abuse of discretion. *See Malm v. Goldin*, 1993 WL 330489 (S.D.N.Y. Aug. 27, 1993), *LTV Corp. v. Miller (In re Chateaugay Corp.)*, 109 B.R. 613, 619 (S.D.N.Y.1990), *appeal dismissed*, 924 F.2d 480 (2d Cir.1991). The court reviews bankruptcy court findings of fact under a "clear error" standard. It reviews bankruptcy court rulings of law de novo. See Fed.R.Bankr.P. 8013; *Shugrue v. Air Line Pilots Ass'n (In re Ionosphere Clubs, Inc.)*, 922 F.2d 984, 988–89 (2d Cir.1990).

In the present case, the bankruptcy judge granted the preliminary injunction under Section 105(a) of the Bankruptcy Code, which reads:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

At the outset it should be observed that the issue of trust fund taxes in a bankruptcy case presents substantial practical problems. To the extent that the debtor still holds such trust funds, those funds are subject to appropriate proceedings to have them paid over to the proper obligees. There are indeed times when the debtor has consistently, in the course of its pre-bankruptcy business, paid over the trust funds in the proper manner, and the intervention of a bankruptcy proceeding is the only reason why there is any balance of trust funds still on hand. A prompt payment of trust funds to the taxing authorities is obviously desirable to clear up the tax liabilities. Also, such a procedure makes it unnecessary to place onerous individual liability upon "responsible persons." Even where it is uncertain whether the trust funds are still held by the debtor, there can be proceedings to determine the facts. An early resolution of such issues can lead to some reasonable judgment by the local authorities as to whether it is or is not justified to pursue individuals by way of responsible person assessments.

Although the bankruptcy proceeding in the present case has been pending for five years, there has been no attempt by any party to institute any proceeding to determine what trust funds existed at the time of filing and to have any such trust funds paid to the proper taxing authorities. The parties simply took the view that they would wait to see what would emerge from a reorganization plan regarding the payment of prepetition taxes.

It should be noted that postpetition sale taxes have been regularly paid.

In the McCrory bankruptcy, the only remedy undertaken by any taxing authority regarding prepetition taxes has been to make responsible person assessments against individuals. As already stated, Ohio, Maryland and Texas have made assessments against certain officers and employees.

At a hearing held recently in connection with the appeal to the District Court, the attorney for Texas conceded that in very recent years there has been a growing tendency by parties to a bankruptcy proceeding to seek a prompt resolution of the tax trust fund issue, and to obtain payments to the taxing authorities where the trust funds still exist. Apparently the move in this direction has occurred since 1992. In any event, it was not used in the present case.

Judge Blackshear was clearly not in error in finding that the threat of multiple local assessments and lawsuits involving officers and employees of McCrory would have a negative impact upon the bankruptcy proceeding. The financial health of individuals upon whom McCrory may depend for managerial and other services in its struggle to stay alive, may well be impaired. The time and energy of such persons may be absorbed. Any liability of the individuals for taxes, penalties and interest can be expected to be the subject of indemnity claims against McCrory

in the bankruptcy. Indemnity for legal expenses can also be expected to be claimed.

In another case, similar considerations led Bankruptcy Judge Burton Lifland to grant an injunction against the pursuit of responsible person claims against employees of the debtor. *R.H. Macy & Co. v. Pennsylvania (In re McCrory),* Case No. 92 B 40477, Adv. No. 92–0881 (Bankr.S.D.N.Y.1993). The injunction in that case was not appealed. There is apparently no decision by a reviewing court—either a District Court or a Court of Appeals—about the propriety of the kind of injunctions issued in the present case and in the *Macy* case.

■ In dealing with the appeal in the present case, this court concludes that, despite the practical considerations described above, an injunction prohibiting local taxing authorities from pursuing responsible person assessments is a violation of the Tax Injunction Act, 28 U.S.C. § 1341. This Act provides:

> The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the Courts of such State.

The Tax Injunction Act is similar to the Anti–Injunction Act, 26 U.S.C. § 7421. The latter Act is part of the Internal Revenue Code, and prohibits suits against the Internal Revenue Service brought to restrain the Service from making assessments or collections. The Act provides, with exceptions not relevant to the present discussion:

> ... no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

The federal courts of appeals which have spoken on the point are in agreement that the Anti–Injunction act prevents bankruptcy courts from enjoining Internal Revenue Service proceedings against "responsible persons" where trust fund taxes have not been paid by their company. These courts have so held regardless of possible detrimental collateral effects upon the company's bankruptcy process. *See, e.g., American Bicycle Ass'n. v. United States (In re American Bicycle Ass'n.),* 895 F.2d 1277, 1280 (9th Cir. 1990); *LaSalle Rolling Mills, Inc. v. United States (In re LaSalle Rolling Mills, Inc.),* 832 F.2d 390, 392 (7th Cir.1987).

■ McCrory argues that the Tax Injunction Act is sufficiently different from the Anti–Injunction Act to justify a different result. McCrory finds this difference in the fact that the Tax Injunction Act only applies where the courts of the state afford a "plain, speedy and efficient remedy." McCrory contends that the state courts, in dealing with litigation about responsible person assessments, will *not* provide such a remedy, and that therefore the statute does not apply.

McCrory does not contend that the *officers and employees* who are subject to the State proceedings lack a plain, speedy and efficient court remedy for their *own* protection. The argument is that *McCrory* may not have a right to intervene for the purpose of presenting *its own* position in the State courts.

There are two problems with this argument. First, it is not at all clear what McCrory would wish to present to the state courts, that cannot be presented by the assessed individual. If there is a question about the amount of tax due (something which has not actually been posed in the present case), the assessed individual can surely raise this issue. If McCrory wishes to raise a kind of equitable defense about interference with the bankruptcy reorganization procedure, this is something which a state court might be willing to hear, but no legal doctrine has been cited indicating that a state court is legally obligated to hear or give weight to such a defense. The fact is that, in the present case, McCrory has failed to articulate what it actually wishes to present to the state courts.

Moreover, the provision in the Tax Injunction Act about plain, speedy and efficient remedy, cannot reasonably be interpreted as referring to McCrory's desire to intervene in state court proceedings. The obvious intention of Congress was to leave the door open for an injunction against local tax assessments if the *assessed party* did not have a

reasonable opportunity to challenge the assessment in court. In other words, Congress did not intend to leave the assessed party at the mercy of some official who might arbitrarily make the assessment and enforce it without such party having the ability to seek court protection. But if there is a reasonable recourse to court by that *assessed party,* it would seem clear that there is a sufficient remedy within the meaning of the statute, and a federal court is prohibited from enjoining the state process. It would be straining the statute beyond its obvious limits to say that the requirement of a plain, speedy and efficient remedy means that McCrory must have the right to intervene and argue about matters such as the effect on bankruptcy.

As shown earlier, the Tax Injunction Act and the Anti–Injunction Act have somewhat different language. However, the two statutes should be interpreted in a harmonious manner. If collateral effects upon bankruptcy proceedings do not prevent the application of the Anti–Injunction Act, they should not do so under the Tax Injunction Act.

For these reasons, the court concludes that the Tax Injunction Act bars the preliminary injunction issued by the bankruptcy court in the present case.

In view of the court's ruling under the Tax Injunction Act, there is no need to reach the Eleventh Amendment question and the other issues raised by the states.

The order of the Bankruptcy Court granting a preliminary injunction against state and other local assessments of individual officers and employees of McCrory is reversed. The matter is remanded with directions to vacate the injunction.

SO ORDERED.