In re **CONXUS COMMUNICATIONS, INC., Conxus Financial Corp., Conxus Network, Inc., Conxus Spectrum, Inc., and Conxus Properties, Inc., Debtors.**

**MFS Telecom, Inc., and MFS Datanet, Inc., Appellants,**

v.

**Motorola, Inc., and Conxus Communications, Inc., et al., Appellees.**

**CIV. A. No. 99–582–JJF.**

United States District Court, D. Delaware.

June 4, 2001.

Eric Lopez Schnabel, Klett Leiber Rooney & Schorling, Wilmington DE, Klett Leiber Rooney & Schorling (Robert P. Simons, Kurt F. Gwynne, of counsel), Philadelphia, PA, for Appellants.

Arthur G. Connolly, III, Karen C. Bifferato, Connolly, Bove, Lodge & Hutz, Wilmington, DE, Steptoe & Johnson, LLP (Howard H. Stahl, Steven K. Davidson, Sidney P. Levinson, of counsel), Washington, DC, for Appellees.

## OPINION

FARNAN, District Judge.

Pending before the Court is an appeal by MFS Telecom, Inc. and MFS Datanet, Inc. (collectively "MFS") from the August 27, 1999 Order (the "Order") of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") enjoining MFS Datanet, Inc. and MFS Telecom, Inc. from terminating telecommunications services to the estates of Conxus Communications, Inc., Conxus Financial Corp., Conxus Network, Inc., Conxus Spectrum, Inc. and Conxus Properties, Inc. (collectively, the "Debtors"). For the reasons discussed, the Order issued by the Bankruptcy Court enjoining MFS from discontinuing its service to the Debtors will be reversed.

## BACKGROUND

On May 19, 1999 (the "Petition Date"), the Debtors, a paging company, filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. (D.I. 7, Ex. 3 at 2). The Debtors' secured lender was Motorola, Inc. ("Motorola"). Prior to and after the Petition Date, MFS provided the Debtors with telecommunications services. For their use of telecommunications services after the Petition Date, the Debtors owed MFS approximately $500,000.

On August 16, 1999, the Debtors' Chapter 11 action was converted to a Chapter 7 action. On August 18, 1999, a Chapter 7 Trustee was appointed. Shortly thereafter, on August 20, 1999, MFS notified the Debtors that they would be terminating its services due to the Debtors' post-petition payment defaults. At the request of Motorola, MFS agreed to provide the Debtors with telecommunications services until 4:00 p.m. on August 27, 1999. At that time, the Bankruptcy Court entered an Order requiring Motorola and the secured creditors' group to make certain funds available to use as cash collateral for the continued operations. (D.I. 7, Ex. 3 at 3). Although the Debtors' business was going to be discontinued, the Trustee and Motorola wanted MFS to extend its services to the Debtors in order to prevent claims from individuals who would have their paging service interrupted without notice and to provide the Debtors with an opportunity to sell their assets, particularly a lengthy subscriber list, to interested parties.

At approximately 3:45 p.m. on August 27, 1999, counsel for Motorola with the support of the Chapter 7 Trustee, orally moved the Bankruptcy Court for an injunction to prevent MFS from terminating its services to the Debtors. Specifically, Motorola sought an extension until August 31, 1999, so as to allow the Trustee a few more days to operate the Debtors' business. According to Motorola and the Trustee, the injunction was necessary for the same reasons that Motorola initially sought the extension of services. Particularly, Motorola believed that the extension of services would enhance the value of the

Debtors' subscriber list and avoid a public safety issue. According to Motorola, several suicide crisis lines in California utilized Conxus pagers, and a few additional days of service would allow another purchaser to buy the subscriber list, thereby preventing any interruption in services to customers like the suicide crisis lines. (D.I. 7, Ex. 3 at 14).

Opposing the injunction, MFS argued that it had the right to terminate services to the Debtors under 11 U.S.C. § 366 of the Bankruptcy Code. MFS further argued that the Debtors could not establish the requirements for an injunction, specifically a likelihood of success on the merits given the utility's rights under Section 366 and the Third Circuit's decision in *Begley v. Philadelphia Electric Co.*, 760 F.2d 46 (3d Cir.1985). However, MFS admitted that it would incur no harm if the injunction were granted and the expenses were prepaid as Motorola and the Trustee represented they would be. (D.I. 7, Ex. 3 at 22).

In granting Motorola's request for an injunction, the Bankruptcy Court assumed that a utility had the right under *Begley* and Section 366 to terminate services. However, the Bankruptcy Court stated that "[b]ecause this case [*Begley* ] says you have the right [to terminate] . . . does not address a [Section] 105 injunction request." (D.I. 7, Ex. 3 at 30). The Bankruptcy Court then considered the limited duration of the proposed injunction, that MFS would be pre-paid for any services it rendered for the four day period, the lack of harm to MFS, and the potential for irreparable harm to the Chapter 7 Trustee and the secured creditors who were in the process of negotiating with prospective purchasers interested in acquiring the Debtors' subscriber lists. Based on these factors, "the exigent circumstances and the limited nature of the injunction," the Bank-

ruptcy Court granted Motorola's request for an injunction. (D.I. 7, Ex. 3 at 31).

Following the Bankruptcy Court's decision, MFS filed a Notice of Appeal (D.I.2) in this Court, and a motion to proceed on an expedited, emergency basis (D.I.1). The Court denied MFS's motion for an expedited hearing, but permitted MFS the opportunity to proceed with this appeal if it deemed that the action was warranted.

Shortly thereafter, Motorola filed a letter with the Court requesting the Court to dismiss the action as moot, or schedule a teleconference to discuss the matter (D.I.9). MFS filed a response indicating its position that the appeal was not moot. The Court conducted a teleconference shortly thereafter. MFS indicated that it would continue with its appeal, and the parties filed a stipulated briefing schedule.

Accompanying its Response To Opening Brief Of MFS Telecom and MFS Data Net (D.I.15), Motorola filed a letter (D.I.16) with the Court explaining that the parties had entered into an agreement by which MFS secured its right to continue this appeal (the "Agreement"). By the terms of the Agreement, Motorola agreed not to take a position on the merits of this appeal, unless the Court otherwise ordered. (D.I. 16, Agreement at ¶ 3). However, Motorola indicated that MFS would be filing a Reply Brief addressing the issue of mootness.

By the terms of the Agreement, the parties acknowledged that the injunction expired by its own terms on August 31, 1999, and that the Debtors incurred costs to MFS of approximately $38,400 during the injunction. In addition, the Agreement set forth the manner in which the $40,000 deposit made by Motorola would be applied in the event MFS prevailed or in the event MFS did not prevail on this appeal. (D.I. 16, Agreement at ¶ 4).

## DISCUSSION

### I. Jurisdiction and Standard of Review

 Pursuant to 28 U.S.C. § 158(a), the Court has jurisdiction to adjudicate appeals from final judgments, orders and decrees of bankruptcy judges. Pursuant to Federal Rule of Bankruptcy Procedure 8013, the Court "may affirm, modify, or reverse a bankruptcy judge's judgment, order or decree or remand with instructions for further proceedings." Fed. R. Bankr.P. 8013. The Court reviews the grant or denial of an injunction by a bankruptcy court for an abuse of discretion. *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.,* 43 F.3d 922, 939 (4th Cir.1995); *McCrory Corp. v. State of Ohio,* 212 B.R. 229, 231 (S.D.N.Y.1997); *see also Penn Terra Limited v. Dep't of Envtl. Resources,* 733 F.2d 267 (3d Cir. 1984). A bankruptcy court's factual determinations are subject to deference and shall not be set aside unless clearly erroneous. Fed. R. Bankr.P. 8013; *see In re Gutpelet,* 137 F.3d 748, 750 (3d Cir.1998). However, a bankruptcy court's conclusions of law are subject to plenary review and are considered de novo by the reviewing court. *Meespierson, Inc. v. Strategic Telecom, Inc.,* 202 B.R. 845, 847 (D.Del.1996).

### II. Whether MFS's Appeal Is Moot

 Although Motorola has agreed, under the terms of the Agreement in this case, to refrain from asserting a position on this appeal, Motorola has contended previously that the instant appeal is moot, and MFS has addressed the issue of mootness in its Reply Brief. Accordingly, as a threshold matter, the Court will consider whether MFS's appeal is moot.

By its previous letter in this case, Motorola contended that the instant appeal is moot, because the injunction expired by its own terms on August 31, 1999, and upon notification from the Trustee, MFS terminated its telecommunications services to the Debtors. (D.I.9). In support of its argument, Motorola relied upon Judge Garth's dissent in *Klein v. Califano,* 586 F.2d 250 (3d Cir.1978).

In *Klein,* Judge Garth observed:

> Where an appeal is taken from an injunction which has since expired by its own terms, it has been held that "no 'actual matters in controversy essential to the decision of the particular case before it,'" remain for a court to decide.

*Id.* at 262 (citations omitted). However, as Motorola recognized and MFS points out, Judge Garth's position is not controlling.

In *Klein,* the Department of Health, Education and Welfare (the "Department") threatened to terminate federal funding to a nursing home, because the facility did not comply with federal quality standards. *Id.* at 250. Several residents of the nursing home and the commissioner of the state Medicaid agency filed a class action seeking to prevent the Department from terminating the facility's Medicaid funding. After granting summary judgment in favor of the plaintiffs on one count of the class action complaint, the district court entered an order enjoining the Department from terminating the nursing home's funding, and the Department appealed the injunction. *Id.* at 253–254. While the Department's appeal was pending, the nursing home was recertified which extinguished any threat that the Department could terminate its funding. *Id.* at 250, 255.

Examining whether the Department's appeal was moot, the Court of Appeals for the Third Circuit concluded that the appeal was moot insofar as the prospective application of the district court's order was concerned. However, the Third Circuit also concluded that the appeal was not moot insofar as the Department sought to recoup funds that were disbursed pursuant

to the injunction. *Id.* at 255–256. Recognizing that judicial economy would not be served because it was likely that the Department would challenge the injunction in a collateral proceeding to recoup its funds, the Third Circuit held that a party "who asserts a colorable claim to compensation from a wrongfully granted permanent injunction whose prospective application has been mooted [may] appeal directly the merits of the injunction, rather than be remitted to a collateral challenge of the injunction in a recoupment action." *Id.* at 256.

▉ By its injunction order in this case, the Bankruptcy Court required Motorola to pay MFS a sum of $40,000, to be applied against charges incurred by the Debtors during the injunction's duration. By the terms of the Settlement Agreement in this case, MFS has a right, if it prevails in this appeal, to apply any portion of the $40,000 remaining after MFS has been paid for its services during the injunction to damages incurred by MFS in pursing this appeal, including MFS's costs, fees and attorneys' fees. Likewise, if MFS does not prevail, the Agreement provides that a certain portion of the $40,000 may be used to offset any administrative claim of MFS and any remaining funds will be returned to the Trustee. Thus, while the injunction in this case has long since expired, the question of disbursement of funds remains, and the

parties are likely to contest this issue in a subsequent proceeding if it is not resolved at this time. *See Marshall v. Whittaker Corp.*, 610 F.2d 1141, 1147 (3d Cir.1979) (recognizing that appeal will not be moot if parties are likely to contest same issue in subsequent proceeding). Accordingly, in light of the majority's opinion in *Klein*, the Court concludes that the instant appeal is not moot.[1]

### III. Whether The Bankruptcy Court Erred In Issuing An Injunction Enjoining MFS From Terminating Its Services To The Debtors

▉ The question presented by this appeal is whether the Bankruptcy Court erred in enjoining MFS under 11 U.S.C. § 105 from exercising its rights to terminate telecommunications services to the Debtors under 11 U.S.C. § 366. After reviewing the record in this case and the applicable law, the Court concludes that the Bankruptcy Court erred in issuing an injunction against MFS. Accordingly, the Court will reverse the Bankruptcy Court's injunction order.

▉ In pertinent part, 11 U.S.C. § 105(a) provides:

> The court may issue any order, process, or judgment that is necessary or appro-

---

1. In support of its argument that the instant appeal is not moot, MFS contends that, in addition to its contractual right under the Agreement to recoup or set off against the $40,000 deposit, the instant action is not moot because it is "capable of repetition, yet evading review." (D.I. 17 at 5, citations omitted). While MFS is correct that the injunction order issued in this case was too short in duration to permit it to be fully litigated prior to its cessation, the Court disagrees with MFS contention that "there is a reasonable expectation that the same complaining party [MFS] would be subjected to the same action again." (D.I. 17 at 5, cita-

tions omitted). MFS contends that it is frequently subject to injunctions on an ex parte basis or inadequate notice in the bankruptcy courts in this district; however, MFS also recognizes that the bankruptcy courts in this district have begun to reconsider injunction orders that purportedly interfere with a utility's Section 366 termination rights. Further, the decision to issue an injunction is usually fact specific. Accordingly, the Court cannot conclude that there is a reasonable expectation that MFS would be subjected to the same action again, such that the subject of the instant appeal is capable of repetition, yet evading review.

priate to carry out the provisions of this title.

While Section 105(a) gives a bankruptcy court general equitable powers, those powers are limited by the provisions of the Bankruptcy Code. *In re Morristown & Erie R.R. Co.*, 885 F.2d 98, 100 (3d Cir. 1989) (recognizing that Section 105(a) must be "applied in a manner consistent with the Code"). Thus, Section 105(a) does not give a bankruptcy court "the power to create substantive rights that would otherwise be unavailable under the Code." *Id.* (citing *Southern Ry. Co. v. Johnson Bronze Co.*, 758 F.2d 137, 141 (3d Cir. 1985)).

In this case, the section of the Bankruptcy Code at issue is 11 U.S.C. § 366. Pursuant to Section 366, a "utility" may not terminate or refuse service to a debtor "solely on the basis of the commencement of a case under this title or that a debt owed by the debtor to such utility for service rendered before the order for relief was not paid when due." 11 U.S.C. § 366(a). However, the Third Circuit has recognized that Section 366 does not preclude a utility from terminating services based upon a debtor's post-petition default. *Begley v. Philadelphia Electric Co.*, 760 F.2d 46, 50 (3d Cir.1985) (recognizing that utility may "commence termination procedures once a post-petition payment is missed, despite the prior security or 'assurance' deposit").

At the hearing before the Bankruptcy Court, MFS contended, and neither the Trustee nor Motorola disputed, that the Debtors failed to pay MFS approximately $500,000 in post-petition services. Because the Debtors defaulted post-petition, MFS had the right under Section 366 to terminate service to the Debtors. Indeed, in issuing its ruling, the Bankruptcy Court expressly assumed that MFS had the right to terminate services, yet the Bankruptcy Court issued an injunction under Section 105. As the Court has recognized, Section 105 must be applied in a manner consistent with the Bankruptcy Code and may not be used to create substantive rights unavailable to a party under the Bankruptcy Code. *In re Morristown & Erie Railroad Co.*, 885 F.2d at 100. In this case, the Bankruptcy Court utilized Section 105 to restrict, albeit for a short period of time, MFS's rights, while expanding the Debtors' rights beyond the protection afforded to the Debtors under Section 366. Accordingly, the Court cannot conclude that the Bankruptcy Court applied Section 105 appropriately. *Id.* (reversing bankruptcy court's application of Section 105, because it expanded contractual obligation of non-debtor party).

■ The Bankruptcy Court cited the exigent circumstances in the case to support its reason for the injunction; however, the Court is not persuaded that these circumstances justified a departure from the Bankruptcy Code. The exigent circumstances in this case were, in large part, of Motorola's own making. Motorola waited until the eleventh hour to pursue its request for an injunction, skirting the requirement that such proceedings be filed as an adversary proceeding, even though Motorola had notice several days before that the utility was going to terminate services. Indeed, that Motorola failed to file the required adversary proceeding was alone sufficient reason for the Bankruptcy Court to deny Motorola's request for an injunction. *See* Fed. R. Bankr.P. 7001(7); *In re Best Products Co.*, 203 B.R. 51 (Bkrtcy.E.D.Va.1996) (holding that because debtor did not file adversary proceeding, court could not enjoin utility from pursing its rights under state law if debtor defaulted in its payments post-petition) (citing *Begley v. Philadelphia Elec. Co.*, 760 F.2d 46 (3d Cir.1985)). Accordingly,

in these circumstances, the Court concludes that the Bankruptcy Court erred in enjoining MFS from terminating its services to the Debtors.

## CONCLUSION

For the reasons discussed, the Court will reverse the Order Granting Oral Motion Of Motorola, Inc. For An Order Enjoining MFS Datanet, Inc. And MFS Telecom, Inc. From Terminating Telecommunications Services To The Estates dated August 27, 1999.